*375 Memorandum. The judgment should be modified by reversing the conviction for assault in the second degree under the second count and dismissing that count of the indictment, and, as so modified, the judgment should be affirmed.
While the Penal Law (§ 120.05, subd. 3) requires no particular degree of physical impairment or substantial pain under the definition of physical injury in the Penal Law to sustain a conviction (§ 10.00, subd. 9), there must be evidence establishing the one or the other. In this case the incidental reference to a blackened eye without any development of its appearance, seriousness, accompanying swelling, or suggestion of pain was insufficient to sustain the felony conviction. It is interesting that for the altercation with the civilian underlying the first count of the indictment, the jury saw fit to extend leniency by convicting defendant only of the lesser misdemeanor charge. This shows the importance of the one element to sustain the second count. For the grave consequences of a felony conviction and sentence to depend on the casual reference in the record to the blackened eye is unsound. Certainly, the undeveloped evidence of the record fails to provide evidence to satisfy this critical element of the felony upon which the jury could find guilt beyond a reasonable doubt.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Bkeitel, Jasen and Gibson concur.
Judgment accordingly.