■ In the Matter of DERRICK M., Appellant.—Upon appeal from order of disposition, Family Court, Bronx County, dated March 23, 1977, which, upon a fact-finding determination dated September 29, 1976, made after a hearing, *inter alia,* adjudged that appellant had done an act which, if done by an adult, would have constituted the crime of assault, second degree (Penal Law, § 120.05), and placed him on probation for a period of two years, said fact-finding determination is brought up for review whereupon said fact-finding determination is unanimously modified, on the law, by deleting therefrom the adjudication that the act in question would have constituted the crime of assault, second degree, and substituting therefor an adjudication that such act would have constituted the crime of reckless endangerment, second degree (Penal Law, § 120.20). As so modified, fact-finding determination affirmed. The findings of fact are affirmed. Order of disposition reversed, on the law, and proceeding remitted to Family Court for a new dispositional hearing. No costs or disbursements are awarded. Under appropriate circumstances, the court in a juvenile delinquency proceeding may find "that a respondent has committed a lesser crime included within the crime charged, and determine the respondent to be a juvenile delinquent based upon the lesser included crime." *(Matter of Raymond O.,* 31 NY2d 730, 731.) At issue then, on this appeal from appellant's adjudication of juvenile delinquency (Family Ct Act, § 1112), is whether the evidence is sufficient to sustain a finding that appellant was guilty of acts which, if committed by an adult, would constitute assault in the third degree (Penal Law, § 120.00) or some lesser crime included in the crime charged, namely, assault, second degree. At the conclusion of a fact-finding hearing in Family Court the Judge determined that appellant was guilty of acts constituting assault in the second degree (Penal Law, § 120.05). Appellant argues the evidence introduced at the fact-finding hearing was legally insufficient to support a finding of assault in the second degree in that there was not proof that the victim of the assault suffered the "physical injury" which is an essential element of the crime. The Corporation Counsel concedes that the proof is insufficient to sustain the finding of assault in the second degree and in its stead urges a modification of the fact-finding order to reflect a finding of assault in the third degree. With respect to his injuries, the complainant testified that appellant struck him with a big chain; that his rib cage became black and blue; there was no bleeding and no medical attention. *People v McDowell* (28 NY2d 373) is instructive in these circumstances. The court in reversing a conviction of assault in the second degree (Penal Law, § 120.05, subd 3) and dismissing that count, ruled that the mere reference in the record to a black eye was not sufficient to prove the requisite statutory element of "physical injury" beyond a reasonable doubt. The court stated (p 375): "For the grave consequences of a felony conviction and sentence to depend on the casual reference in the record to the

blackened eye is unsound. Certainly, the undeveloped evidence of the record fails to provide evidence to satisfy this critical element of the felony upon which the jury could find guilt beyond a reasonable doubt." Respondent urges upon the court the thought-provoking concept that the proof of "physical injury" is sufficient to sustain a finding of assault in the third degree, a misdemeanor. However, in view of the use of identical language in both the felony and misdemeanor statutes we are not on this record prepared to find conduct amounting to assault in the third degree. It should be noted that section 120.20 of the Penal Law reads as follows: "A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." In our view a finding of reckless endangerment in the second degree is compatible with the evidence adduced. Concur—Kupferman, J. P., Evans, Fein, Lane and Markewich, JJ.