Chief Judge Cooke
(dissenting). I would affirm the order of the Appellate Division and therefore respectfully dissent.
*201 On this record, it cannot be said that the trier of fact erred in concluding that proof of the elements of an assault in the third degree (Penal Law, § 120.00) was sufficient to justify adjudicating respondent a juvenile delinquent beyond a reasonable doubt. Complainant testified that he and another youth had some disagreement, resulting in a threat by this youth to get someone smaller to fight complainant. Subsequently, complainant, visiting at a friend’s apartment, was pulled into the stairway where respondent proceeded to hit him not once, but twice, in the face and not with an open hand, but with his fist. Another youth, acting with respondent, also struck complainant. In pain and crying, complainant ran to his own apartment. In attempting to describe the pain he had experienced, complainant testified that his face hurt and felt as if "bumps was coming”. Although no swelling resulted from the attack, red marks did appear about complainant’s face.
The majority holds that this evidence was insufficient as a matter of law to establish the statutory element of "physical injury” — "impairment of physical condition or substantial pain” (Penal Law, § 10.00, subd 9). With this, there is disagreement.
While the requirement of physical injury excludes from the ambit of the assault statute “petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives” (Temporary State Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law, p 330; see, also, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, art 120, p 330), no mere technical battery was involved here. The unprovoked attack could have been found to cause substantial pain to the victim. People v McDowell (28 NY2d 373), involving a conviction for second degree assault, does not mandate the conclusion reached by the majority, for the court there determined that the mere incidental reference to a blackened eye without supporting testimony about its condition or any suggestion of pain simply was insufficient to establish "physical injury” under the statute.
Even more troublesome is the failure by the majority to articulate exactly what would be required to establish "substantial pain” or what degree of pain felt by the victim of an attack is to be considered substantial. It is submitted that when the evidence indicates that the victim suffered more *202 than mere discomfort or slight pain, that evidence is sufficient to establish the physical injury contemplated by the statute. Pain is, by definition, a subjective concept and cannot be quantified or expressed with precision. Knowledge of the circumstances and the description of the sensation accompanying the use of force, however, provide a ready basis for measuring, within one’s own experience, the degree of pain felt by another. Absent proof of these matters, a charge of assault could not be sustained. Here, there was evidence that complainant was hit twice with a fist, a red mark appeared, there was a sensation of bumps and defendant felt pain and cried. The Family Court Judge, sensitive to juvenile difficulties, heard the testimony, observed the witness and, as trier of fact, could have found that complainant suffered substantial pain. I cannot agree that the evidence showed no more than that complainant received a "petty slap” and thus was insufficient as a matter of law to establish an assault beyond a reasonable doubt.
Judges Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Meyer; Chief Judge Cooke dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order reversed, without costs, and the petition dismissed.