OPINION OF THE COURT
Sheldon S. Levy, J.
Is a cut upper lip which bleeds a "physical injury” within the contemplation of the second degree robbery statute (Penal Law, § 160.10, subd 2, par [a])? The question has not been dealt with directly before in this State.
At the conclusion of the People’s case in this robbery prosecution, the defendant, having raised the issue of identity as his prime defense, immediately rested and made the usual motions. The court, as is often the case, made the usual denials.
However, in this situation, the court acted, perhaps, a bit too hastily and sua sponte proposed the subject interrogatory. This was done in the course of a mandated, presummation conference (see CPL 300.10, subd 3; People v Graham, 57 *951 AD2d 478, 481, affd 44 NY2d 768; People v India, 67 AD2d 488, 492), wherein the court, at a minimum, must inform the parties as to which counts or lesser included offenses will be presented for jury consideration. The defense expressed interest in the proposition, but cited no legal precedents. The prosecution expressed shock.
If the injury to the complainant here is a "physical injury”, there is sufficient additional evidentiary support to submit to the jury the actual count of the indictment charging defendant with robbery in the second degree (Penal Law, § 160.10, subd 2, par [a]). If not, then robbery in the third degree (Penal Law, § 160.05) would be the proper, ultimate lesser included offense to be charged under this count.
Eliminating possible variables which are inapplicable to this case, the basic elements of the crime of robbery in the second degree, as charged here, are that: the defendant (1) stole property (2) from an owner thereof (3) by force (4) with intent to deprive the owner of the property permanently, and that (5) in the course of such forcible stealing, he caused physical injury to a person (6) who was not a participant in the crime.
"Physical injury” is statutorily defined as an "impairment of physical condition or substantial pain” (Penal Law, § 10.00, subd 9)..
By way of proof in this case, the prosecutor, through inadvertence or design, did not adduce any evidence concerning any pain that may have been suffered by the complaining witness — an elderly gentleman — by virtue of his having been punched in the mouth during the alleged robbery. (There was some indication at a side-bar conference that the complainant considered his injury somewhat minor and did not want "to make a big deal of it” before the jury.)
The complaining witness did testify, however, that in the course of the subject crime, he suffered a cut upper lip, which bled, and that he received emergency out-patient medical treatment shortly thereafter at a hospital facility. Moreover, another witness stated that he saw complainant’s lip bleeding; and a certified copy of a hospital record, introduced in evidence by the People, revealed a diagnosis of "laceration upper lip.” Nevertheless, there was no testimony elicited from the victim, either on direct or cross-examination, as to the duration of the lip laceration or whether it impeded in any way his eating, drinking, chewing or speech.
Accordingly, since a charge of robbery in the second degree *952 requires the People to establish as an element beyond a reasonable doubt that the defendant caused either an impairment of physical condition or substantial pain resulting from physical injury (see People v McDowell, 28 NY2d 373, 375), the only remaining and pertinent issue here involved is whether this bleeding laceration constitutes an "impairment of physical condition”.
A laceration is usually defined as a ragged or jagged-edged wound or tear. An impairment of physical condition is a weakening or diminution of some physical state of being or health and has also been described as affecting a physical condition in an injurious manner. However, the physical injury defined by statute (Penal Law, § 10.00, subd 9) requires no specific degree of physical impairment. Nevertheless, such physical injury necessitates considerably more than a trivial slap, a moderate shove or a harmless kick, which are properly covered by the harassment statute as a violation (see Denzer and McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 240.25, p 159), even if delivered out of hostility, meanness or other petty motives (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, art 120, p 331).
Interestingly enough, there appears to be a sparsity of recorded decisions which even touch upon the question of physical injury. None suggest any guidelines for determining when there is a prima facie physical injury or impairment of physical condition sufficient to permit jury deliberation. However, certain perimeters may be discerned from the few reported cases.
Although twisting a thumb so that it swells to twice its normal size has been held a clear showing of "physical injury” (People v Thomson, 62 Misc 2d 838), passing reference to a black eye, without any additional evidence of attendant swelling, of vision impairment or of even minimal pain was ruled to be insufficient (People v McDowell, 28 NY2d 373, supra). Moreover, black and blue marks on a rib cage — the complainant having been struck with a big chain — but with no accompanying bleeding and no required medical attention, did not constitute the necessary proof of a physical injury (Matter of Derrick M., 63 AD2d 932). Finally, in a recent opinion, our Court of Appeals has held that evidence of red marks on a youthful complainant’s cheek, requiring merely an application of cold water by his mother, even where caused by being hit twice in the face with a fist, plainly did not provide a suffi *953 cient evidentiary base as a matter of law for a jury finding of physical injury beyond a reasonable doubt (see Matter of Philip A., 49 NY2d 198).
Applying whatever standards which can be gleaned from these cases, it may be quickly appreciated, at least here, that the demonstrably inflicted punch, causing a bleeding laceration, constitutes an adequate showing of an impairment of physical condition and thus a physical injury within the intendment of the statute. The subject injury was not merely a contusion, an ecchymosis or a flushed face. It was a jagged break in the complainant’s skin. Nor was it without accompanying ill effect, since it bled noticeably. Moreover, evidence of treatment for the injury was neither lacking nor merely tantamount to motherly, albeit icy, solace. The complainant was afforded emergency medical treatment for a laceration of the upper lip, confirmed by a hospital record.
Accordingly, on the basis of such elicited proof, there appears ample evidentiary support for any trier of fact readily to conclude that there was an "impairment of physical condition” to this complainant, no matter how he himself felt about his own physical injury.
Certainly with the evidence adduced, it cannot be said as a matter of law that the People have not met their initial burden and that a jury could not find a physical injury beyond a reasonable doubt. The cut upper lip here involved is, at least prima facie, a physical injury within the statutory scheme.
(In passing, since a jury is free to believe or to reject any part of the People’s evidence, it was stated that, if either party so requested, the court would also charge robbery in the third degree as a lesser included offense, with particular explanation afforded as to the elimination thereunder of the element of "physical injury” causation. Thereafter, however, both parties — keeping their confidences as to respective trial strategies — specifically requested on the record that robbery in the third degree not be charged as a lesser included offense of the count of robbery in the second degree.)
For the reasons stated, pursuant to CPL 300.10, the court now informs both parties, prior to their summations, that it will submit to the jury for its consideration the aforesaid count of robbery in the second degree (Penal Law, § 160.10, subd 2, par [a]), and that it finds ample support in the evidence to so charge.