■ The People of the State of New York, Respondent, v George Morales, Appellant.—Judgment of the Supreme Court, Bronx County, rendered December 13, 1978, convicting defendant of the crimes of burglary in the second degree, assault in the second degree, reckless endangerment in the first degree, criminal possession of a dangerous weapon in the fourth degree, and menacing, and sentencing him as a predicate felon to concurrent and indeterminate terms the longest of which is from 6 to 12 years, modified, on the law and the facts, to reduce the conviction of burglary in the second degree to burglary in the third degree, reverse the conviction of

assault in the second degree, and dismiss that count of the indictment, vacate all sentences heretofore imposed and remand for resentence on all counts remaining and otherwise affirmed. It was established beyond a reasonable doubt that defendant and others entered the apartment of Sherrill Gaston without permission and by force in the early morning hours of August 20, 1977. Ms. Gaston testified she was struck by defendant and fell to the ground and that as a result her face was swollen. She allegedly went to the hospital after the incident. The convictions of burglary in the second degree (Penal Law, § 140.25, subd 1, par [b]), and assault in the second degree (Penal Law, § 120.05, subd 6), cannot stand. Those crimes require proof of "physical injury," which is defined as "impairment of physical condition or substantial pain" (Penal Law, § 10.00, subd 9). The evidence was insufficient to warrant a finding that Ms. Gaston had experienced either "impairment of physical condition" or "substantial pain." No hospital or medical records were produced to substantiate her claim that she had in fact been injured or to indicate the degree or extent of such injuries. It appears, at most, that her face was swollen as a result of having been slapped several times by defendant. Her injuries did not come within the ambit of the term "impairment of physical condition" (People v McDowell, 28 NY2d 373; Matter of Derrick M., 63 AD2d 932). Nor was there any showing that Ms. Gaston had suffered "substantial pain" (Matter of Philip A., 49 NY2d 198). On this record, it cannot be concluded beyond a reasonable doubt that "physical injury" occurred. The absence of proof of "physical injury" serves to reduce the conviction of burglary in the second degree (Penal Law, § 140.25, subd 1, par [b]), to burglary in the third degree (Penal Law, § 140.20). Both degrees of that crime contain substantially the same elements except for the requirement of "physical injury," which is not contained in burglary in the third degree. The absence of proof of "physical injury" also requires that the conviction of assault in the second degree, be reversed and the count of the indictment charging that crime dismissed. The lack of such proof does not serve to reduce the conviction to assault in the third degree (Penal Law, § 120.00, subd 1), as "physical injury" is an element of assault in the third degree, just as it is of assault in the second degree.* We find without merit defendant's claim that he was denied a fair trial by the conduct of the prosecutor. There was no objection by defense counsel to the testimony elicited by the prosecution concerning the prior alleged rape of Ms. Gaston. This evidence was introduced to show that the motive of defendant for committing the instant crimes was to silence Ms. Gaston from testifying against him in the pending rape case (People v Molineux, 168 NY 264, 293-294). The defense itself all but moved for the admission of this testimony, as it fit into the defense claim that Ms. Gaston was defendant's jilted lover. Furthermore, while some isolated comments of the prosecutor should not have been made, there was no objection voiced by defense counsel. Thus, these errors were not preserved for appellate review (CPL 470.05, subd 2). In any event, they were not of such nature as to amount to misconduct violative of defendant's right to due process. Concur —Birns, J. P., Fein, Sandler, Markewich and Bloom, JJ.

---

* The conviction of assault in the second degree must be reversed and that count of the indictment dismissed for an additional reason. In view of defendant's guilt of burglary in the third degree, a felony, a conviction of assault in the third degree would be inconsistent. Assault in the third degree does not require that the assault be committed in the course of a felony. The conviction of burglary in the third degree, has, however, established that if any assault occurred, it was in the course of a felony.