■ In the Matter of ROBIN B., Appellant.—In a juvenile delinquency proceeding, the appeal is from an order of the Family Court, Queens County, dated January 18, 1979, which, upon a finding that appellant had committed an act which, if committed by an adult, would constitute the crime of assault in the third degree under subdivision 1 of section 120.00 of the Penal Law, adjudicated her a juvenile delinquent and placed her on probation. Order reversed, on the law, without costs or disbursements, and petition dismissed. The record fails to establish that appellant caused " 'physical injury' " to the complainant within the contemplation of subdivision 9 of section 10.00 of the Penal Law. That subdivision defines physical injury as "impairment of physical condition or substantial pain". The 12-year-old complainant testified, without being sworn, to the effect that appellant struck her on the head with a bottle while she was on a staircase in the building where they both lived. On the question of physical injury, the complainant testified as follows: "Q Were you injured when you got hit? A Yes. Q Did you feel pain? A Yes. Q And did you go to the hospital? A Yes. Q Do you know what they did for you in the hospital? A They X-rayed. Q Now, how long after you got hit on the head with the bottle did you feel pain, how long, how many days, if you know? A (No oral response) THE COURT: You don't know. It's not important. You say you were hit on the head, right? THE WITNESS: Yes." Aside from the fact that the complainant was crying after the incident, no other evidence was introduced on the issue of physical injury. The complainant's laconic affirmative answers to the questions whether she was "injured" and "[felt] pain" do not, without more, establish impairment of physical condition or substantial pain within the contemplation of the Penal Law (see People v McDowell, 28 NY2d 373; Matter of Philip A., 49 NY2d 198; Matter of Derrick M., 63 AD2d 932). The fact that the complainant was caused to cry is alone insufficient to show substantial pain (see Matter of Philip A., supra). Furthermore, the bare fact that the complainant was taken to the hospital and was X-rayed sheds no light on the nature of the asserted injury. We are constrained to conclude, therefore, that the implicit finding that appellant caused physical injury within the definition of the statute was not supported by legally sufficient evidence. Accordingly, the petition must be dismissed. Damiani, J. P., Gulotta, Martuscello and O'Connor, JJ., concur.