■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRISTAL PETRO, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 30, 1979, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated January 9, 1980, which denied resentencing. The appeal from the judgment brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence (Slavin, J.). Judgment reversed, on the law, motion to suppress physical evidence granted, and matter remitted to Criminal Term for further proceedings. Appeal from the order dismissed as moot in light of our determination on the appeal from the judgment. The People failed to establish at the suppression hearing that there was probable cause for the arrest of the defendant. In a situation such as existed at bar, it was incumbent upon the People to produce, at the suppression hearing, the undercover officer who relayed the information to the arresting officer resulting in the defendant's arrest (see *People v Havelka,* 45 NY2d 636, 641; *People v Lypka,* 36 NY2d 210; *People v Delgado,* 79 AD2d 976). As such, the $1 bill seized from defendant at the time of the arrest must be suppressed. Damiani, J.P., Titone, Gibbons and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE REED, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered March 25, 1980, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the second degree (second count) and assault in the second degree, and the sentences imposed thereon, and said counts are dismissed. As so modified, judgment affirmed. Robbery in the second degree (as set forth in count two) and the assault in the second degree of which defendant was convicted, require proof of a physical injury to the victim (Penal Law, § 160.10, subd 2, par [a]; § 120.05, subd 6). The victim testified that he received blows to the side of the head and to the bridge of his nose resulting in bruises, a headache and *minor pain.* Physical injury, for purposes of proof of the crimes charged, must be impairment of physical condition or substantial pain (Penal Law, § 10.00, subd 9). The proof adduced at trial fails to establish that the victim suffered the requisite physical injury (see *Matter of Robin B.,* 78 AD2d 679; *People v Morales,* 75 AD2d 745; *Matter of Derrick M.,* 63 AD2d 932). Hence, those convictions must be reversed, the sentences thereon vacated, and the counts of the indictment dismissed. There is no merit to the defendant's remaining contentions. Rabin, J.P., Gulotta, Cohalan and Bracken, JJ., concur.