■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNABE MARRERO, Appellant. — Appeal by defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered December 5, 1979, as convicted him of assault in the second degree and reckless endangerment in the first and second degrees, upon a jury verdict,

and imposed sentence. Judgment modified, as a matter of discretion in the interest of justice, by reversing the convictions of assault in the second degree and reckless endangerment in the first degree, vacating the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed, insofar as appealed from. At trial the prosecution adduced the following testimony: Officers McQuillan and Levandowski drove to the home of defendant and his mother in response to a radio call concerning a dispute. When the officers approached the door they heard defendant and his mother arguing. The officers knocked on the door and heard defendant's mother yell for help. When they opened the unlocked door and entered the apartment, defendant ran out of the room. Defendant then reappeared with a young child in his left hand and a butcher knife in his right hand. He advanced toward the officers while thrusting the knife in a stabbing motion and yelling "you'll have to shoot me, I'll kill you." The officers then drew their revolvers and told defendant to drop the knife. Defendant moved the child in front of his face, using him as a shield, and continued to yell "shoot me, shoot me" while thrusting the knife. When defendant came within one foot of Officer McQuillan, he dropped the knife. The officers then put their revolvers away and attempted to arrest defendant. Defendant pushed Officer McQuillan into the wall, knocked him down, and kicked and punched him. The officers hit defendant with their nightsticks and finally managed to get him under control. They then had defendant taken to a hospital in an ambulance. At the hospital, Officer McQuillan was treated for back pains. Although the pain lasted a few days, McQuillan did not miss any days at work. The jury acquitted defendant of reckless endangerment in the second degree as to the child even though it convicted him of reckless endangerment in the first and second degrees as to Officer McQuillan. Defendant was also convicted of assault in the second degree, endangering the welfare of a child, resisting arrest and criminal possession of a weapon in the fourth degree. Section 120.25 of the Penal Law states that "[a] person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." An individual is guilty of reckless endangerment in the second degree "when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person" (Penal Law, § 120.20). Since defendant never lost control of the knife, and since he dropped it before he reached Officer McQuillan, there was never a grave risk of death to the officer. However, there was a substantial possibility that either defendant would misperceive the distance between the officer and himself, or that the officer would lean forward, perhaps to grab the child, and be seriously injured by the knife. Consequently, while the conviction for reckless endangerment in the first degree must fall, the conviction for reckless endangerment in the second degree will stand. To sustain the conviction for second degree assault under subdivision 3 of section 120.05 of the Penal Law, the People must have proven that defendant caused Officer McQuillan to suffer a "physical injury", which subdivision 9 of section 10.00 of the Penal Law defines as "impairment of physical condition or substantial pain." In this instance, there was no impairment of physical condition; the only issue was whether there was substantial pain. Among the factors to be considered in deciding this issue is the subjective reaction of the person claimed to have been assaulted (cf. *Matter of Philip A.,* 49 NY2d 198). At bar, the prosecution offered no testimony that Officer McQuillan's back pains were anything more than a source of some discomfort. In fact, they were not sufficiently bothersome to keep him out of work. The fact that Officer McQuillan was examined at a hospital sheds no light on the

nature of the pain (see *Matter of Robin B.*, 78 AD2d 679). The evidence of pain presented herein fails to rise to the level of that which is required to constitute the physical injury necessary to sustain a conviction for assault (see, e.g., *People v McDowell*, 28 NY2d 373, 375). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.