■ The People of the State of New York, Respondent, v Ralph Hargrove, Also Known as Bismia Carr, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered June 14, 1979, convicting him of attempted rape in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing said count. As so modified, judgment affirmed. The crime of assault in the second degree of which defendant was convicted requires proof of a physical injury to the victim (Penal Law, § 120.05, subd 6). Specifically subdivision 6 of section 120.05 of the Penal Law provides: "§ 120.05. Assault in the second degree. A person is guilty of assault in the second degree when * * * 6. In the course of and in furtherance of the commission or attempted commission of a felony * * * or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants". The Penal Law defines " '[p]hysical injury' " as "impairment of physical condition or substantial pain" (Penal Law, § 10.00, subd 9). At trial, no evidence of physical impairment was offered, and the issue of physical injury was submitted to the jury solely upon the basis of the complainant's testimony that she suffered a very sore neck from the attack. Such "subjective testimony, without more", was insufficient to establish beyond a reasonable doubt that the victim suffered the requisite physical injury within the meaning of subdivision 6 of section 120.05, and subdivision 9 of section 10.00 of the Penal Law (see *People v Cicciari,* 90 AD2d 853; *Matter of Philip A.,* 49 NY2d 198; *People v Reed,* 83 AD2d 566). We have reviewed defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Thompson and Gulotta, JJ., concur.