■ In the Matter of PERNELL M., a Person Alleged to be a Juvenile Delinquent, Appellant. — In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Kings County (Torres, J.), entered June 9, 1982, which adjudicated appellant a juvenile delinquent upon a finding that he had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree under subdivision 1 of section 120.00 of the Penal Law, and placed him in the custody of the New York City Commissioner of Social Services for a period of nine months. The appeal brings up for review a fact-finding order of the same court, dated January 2, 1982. Order reversed, on the law, without costs or disbursements, fact-finding order dated January 2, 1982 vacated and petition dismissed. The crime of assault in the third degree upon which the instant juvenile delinquency adjudication is based, requires proof of physical injury to the victim. Specifically, subdivision 1 of section 120.00 of the Penal Law, which is the relevant provision at bar, provides as follows: "A person is guilty of assault in the third degree when: 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person". The Penal Law defines " '[p]hysical injury' " as "impairment of physical condition or substantial pain" (Penal Law, § 10.00, subd 9). At the fact-finding hearing the complainant testified that the appellant grabbed him from behind under his arms and bounced him up and down. Thereafter, appellant punched him in the lip. The complainant testified that as a result of this attack, his chest "[h]urt"

and his lip was cut and began to bleed and swell. This testimony, although substantially corroborated by the arresting officer, was insufficient to establish impairment of physical condition within the contemplation of the Penal Law (*People v Jimenez,* 55 NY2d 895; *Matter of Philip A.,* 49 NY2d 198; *People v Cicciari,* 90 AD2d 853; *People v Reed,* 83 AD2d 566; *Matter of John G.,* 82 AD2d 861; *Matter of Robin B.,* 78 AD2d 679). Accordingly, the petition must be dismissed. In view of this determination, we note only briefly that the court erred in failing to direct the prosecution to turn over the arresting officer's memo book for purposes of cross-examination (*People v Rosario,* 9 NY2d 286). We have reviewed the appellant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.