(August 2, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CERIO, Appellant. — Judgment of the Supreme Court, Bronx County (Walsh, J.), rendered April 24, 1981, convicting defendant, after a Bench trial, of burglary in the first degree (two counts), criminal possession of a weapon in the second degree and assault in the second degree, and imposing two terms of 3 to 9 years for the burglary convictions, plus two terms of 2 to 6 years for the weapon possession and assault convictions, all sentences to run concurrently, modified, on the law and facts and as a matter of discretion in the interest of justice, only to the extent of reversing the convictions for the second count of burglary in the first degree (Penal Law, § 140.30, subd 2) and assault in the second degree, dismissing those counts of the indictment, vacating the sentences imposed thereon, and otherwise affirmed.

The evidence adduced at trial was insufficient to show that the complainant Vitale suffered "physical injury" as defined by section 10.00 of the Penal Law. The injuries did not result in "impairment of physical condition" nor was there any proof that Vitale suffered "substantial pain", both of which are required to prove "physical injury" within the meaning of both subdivision 2 of section 140.30 and subdivision 6 of section 120.05 of the Penal Law (see *People v Morales*, 75 AD2d 745).

We have examined the remaining contentions by defendant and find them to be without merit. Concur — Murphy, P. J., Kupferman, Asch, Bloom and Kassal, JJ.