■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MANNING, Appellant

Defendant was convicted of second degree robbery under Penal Law § 160.10 (2) (a), an essential element of which is that defendant cause "physical injury to any person who is not a participant in the crime". "Physical injury" is defined in Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain".

The People do not urge that the victim of this robbery suffered any impairment of his physical condition. Neither is their evidence sufficient to establish substantial pain beyond a

reasonable doubt. Accordingly, the charge of robbery in the second degree was insufficient as a matter of law, and that count of the indictment must be dismissed *(Matter of Philip A.,* 49 NY2d 198; *People v Reed,* 83 AD2d 566; *People v Morales,* 75 AD2d 745).

Complainant did not request medical attention at the time of the incident, and he told the Grand Jury the next day that he was not in much pain. Thereafter, he drove back to his home in Alabama, and did not visit a doctor there until five days after the incident. Furthermore, no hospital or medical records were produced by complainant to indicate the nature and extent of his injury. His subjective testimony as to being "sore" after the episode was legally insufficient to show that the pain he suffered was, as the statute requires, "substantial" *(Matter of Philip A., supra,* at 200). The People's evidence was, however, sufficient to sustain a conviction for robbery in the third degree, which count was submitted to the jury as a lesser included offense but not considered because of its guilty verdict on the more serious count.

Defendant preserved the error for appellate review by moving for a trial order of dismissal at the close of the People's case *(People v Thomas,* 36 NY2d 514, 516). However, there need not be a total dismissal of the indictment with leave to resubmit to the Grand Jury on the lesser included count of robbery in the third degree. There having been no other errors at trial, and since the jury has determined defendant's guilt as to all of the elements of the reduced crime, we need only remand for resentencing thereon *(compare, People v Contreras,* 108 AD2d 627). Concur—Sullivan, J. P., Carro, Asch, Kassal and Wallach, JJ.