(September 22, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO CORTEZ, Appellant.—Levine, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered January 29, 1986, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, a State prison inmate, was indicted on one count of assault in the second degree stemming from an incident in which he allegedly attacked Correction Officer Trainee Christopher Tompkins in the special housing unit area of Great Meadow Correctional Facility in Washington County. As a result of the alleged assault by defendant, Tompkins was unable to work for a period of six months, experienced severe headaches and required surgery for a condition related to the assault. After a jury trial, defendant was convicted of assault in the second degree and sentenced to an indeterminate term of 3½ to 7 years' imprisonment, to run consecutively with his current sentence. This appeal by defendant ensued.

On appeal defendant challenges the constitutionality of Penal Law § 120.05 (3) on several grounds. First, defendant contends that the statute is unconstitutionally vague because it requires that the victim suffer only "physical injury", a term which, according to defendant, is indefinite and overbroad in that it includes nearly every instance of offensive physical contact. We disagree. To establish physical injury,

the prosecution is required to prove that the victim suffered "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Without such proof, a conviction for assault may not be obtained (see, People v McDowell, 28 NY2d 373, 375; People v Cerio, 104 AD2d 301). Hence, in our view, Penal Law § 120.05 (3) provides the fair notice and meaningful guidelines for law enforcement officials required for a valid criminal sanction (see, People v Swartz, 130 AD2d 288, 290-291, lv denied 70 NY2d 960).

We similarly reject defendant's contention that Penal Law § 120.05 (3) violates the Equal Protection Clause of the Federal Constitution by raising the degree of the assault where the victim is a peace officer, firefighter or paramedic. Contrary to defendant's contention, a crime victim's status as a peace officer performing his regular duties may properly be regarded as an aggravating circumstance (see, People v Davis, 43 NY2d 17, 32, cert denied 435 US 998, 438 US 914). We have considered defendant's other contentions and find them to be meritless.

Judgment affirmed. Kane, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ.