600 A.2d 1300

COMMONWEALTH of Pennsylvania, Appellant,

v.

Raymond W. STYLER.

Superior Court of Pennsylvania.

Argued Sept. 19, 1991.

Filed Oct. 23, 1991.

Karen L. Grigsby, Asst. Dist. Atty., Philadelphia, for Com., appellant.

John P. Cotter, Philadelphia, for appellee.

Before JOHNSON, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

The Commonwealth appeals from the order entered in the Court of Common Pleas of Philadelphia County on December 17, 1990, which quashed a first degree murder charge against appellee, Raymond W. Styler. For the reasons set forth below, we reverse and remand for further proceedings.

The procedural history of this case may be summarized as follows. On September 8, 1990, shortly after Anthony Moore was stabbed to death outside a Philadelphia delicatessen, appellee was arrested and charged with both murder and possessing an instrument of crime. Twelve days later, the Honorable James DeLeon conducted a preliminary hearing and bound appellee over for trial on each of the charged offenses. Subsequently, appellee, asserting that the evidence presented by the Commonwealth failed to establish that he acted with either malice or a specific intent to kill, challenged Judge DeLeon's decision with respect to the murder count in a motion to quash the return of the transcript.[1] On December 16, 1990, the trial court considered that motion, concluded that appellee correctly characterized the state of the evidence with regard to his intent, and quashed the first degree murder portion of the generic murder charge. This timely Commonwealth appeal followed.

The Commonwealth contends that since it presented sufficient evidence at the preliminary hearing to support a charge of first degree murder, the trial court's quashal of that charge was erroneous. In considering the merits of

1. We note that in Philadelphia County such a motion is equivalent to a petition for a writ of habeas corpus. *See* Trial court opinion at n. 1.

this claim, we initially note that the standard utilized for determining the sufficiency of the evidence presented at a preliminary hearing is well-established.

> At a preliminary hearing the Commonwealth bears the burden of establishing a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. Wojdak,* 502 Pa. 359, 367, 466 A.2d 991, 995 (1983). To sustain that burden the Commonwealth must produce evidence that, if accepted as true, would warrant the ... trial judge to allow the case to go to the jury. *Id.* [466 A.2d] at 995–996. The *prima facie* standard requires that the Commonwealth produce evidence of the existence of each and every element of the crime charged; consequently, absence of evidence of a material element is fatal. *Id.* [466 A.2d] at 996–997. This standard does not require that the Commonwealth prove the elements of the crime beyond a reasonable doubt nor that evidence is available that would prove each element at trial beyond a reasonable doubt. *Commonwealth v. Snyder,* 335 Pa.Super. 19, 23, 483 A.2d 933, 935 (1984).

*Commonwealth v. Austin,* 394 Pa.Super. 146, 150–51, 575 A.2d 141, 143 (1990) (emphasis in original). Keeping these principles in mind, we now consider the evidence presented by the Commonwealth during the hearing.

At the preliminary hearing, the Commonwealth presented stipulations indicating that Anthony Moore died of a stab wound to the chest, that two detectives interviewed appellee following the stabbing, and that exhibit 1 was a true and correct copy of the statement given by him at that interview. In pertinent part, that statement, which the Commonwealth subsequently introduced into evidence, states:

> I finished .work [at] about 9PM last night. I walked over to my moms [sic] house ... and changed my clothes and washed up. I walked back to the shop on Baltimore Av. [sic] I was taking my work clothes for the next day back to the shop. I stayed at the shop, sitting on the steps there until about 11:30PM or something to 12. I had a

beer there. I left there and walked to BUBU's Deli in the shopping center at 58th & Baltimore Av. [sic] I was going to get another beer and walk back to the shop. When I got outside of BUBU's, Ant [the victim] walked over to me and slapped. He slapped me across the neck. He started pushing on me. Then he stopped and went into BUBU's and sat down inside and drank a beer. I stayed outside and was talking to a friend. I was waiting for Ant to come out so I could go in and get my beer. Then Ant came out and ran over to me and tried to throw me down to the ground. I stabbed him. Ant ran and I just walked away from it.

Exhibit 1 at 3–4.

According to 18 Pa.C.S. § 2502(a), the crime of first degree murder is defined as an intentional killing. Since it is uncontested that appellee killed Mr. Moore, the determination as to the correctness of the Commonwealth's claim hinges upon whether the evidence established that the killing probably had been committed intentionally. In this regard, we note that it long has been clear that a specific intent to kill may be implied from the deliberate use of a deadly weapon upon a vital part of the body. *See Commonwealth v. Austin, supra.* The term "deadly weapon" may be defined as "any device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S. § 2301.

In the present case, there can be little doubt that the knife utilized by appellee was a deadly weapon since it caused the death of Mr. Moore. In addition, appellee's statement, by indicating that he stabbed Mr. Moore when the latter attempted to throw him to the ground, indicates that his use of that weapon upon a vital part of Mr. Moore's body was a deliberate response to Mr. Moore's conduct. *Compare Commonwealth v. Austin, supra* (as the defendant, unlike the appellee in the present case, indicated in his statement that he merely had swung his knife at victim rather than deliberately plunging it into him, we concluded

that the Commonwealth was not entitled to the inference raised from the use of a deadly weapon upon a vital portion of the body). Consequently, we find that the evidence presented by the Commonwealth at the preliminary hearing established the probable existence of appellee's specific intent to kill Mr. Moore and conclude that it was sufficient to bind appellee over to the jury on the charge of first degree murder.

Order reversed and case remanded for further proceedings. Jurisdiction relinquished.