## Commonwealth v. Rowlands

*J. Karen Arnold, assistant district attorney,* for the Commonwealth.
*Deborah Lux,* for defendant.

BROWN, JR., *P.J.,* July 9, 1993—This matter comes before the court upon defendant Jason J. Rowlands' petition for writ of habeas corpus challenging the district justice's holding defendant for court. Defendant submits the Commonwealth did not establish a prima facie case on the one charge of aggravated assault, 18 Pa.C.S. §2702(a)(3). This matter was argued before this court on June 24, 1993. The parties chose to forego the filing of briefs and rely on their oral arguments.

### FINDINGS OF FACT

On May 1, 1993, Officers David M. Jordan and Mark Stringer of the Pennsylvania State University Police Services were on bicycle patrol on the campus of The Pennsylvania State University, Centre County, when they encountered defendant holding a can of beer. (N.T., p. 3.) Officer Jordan issued an underage drinking citation to defendant after confirming through defendant's identifi-

cation that defendant was under 21 years of age. (N.T., pp. 3-4.) Defendant told Officer Jordan that it was his third underage drinking offense. (N.T., p. 4.) Officers Jordan and Stringer then left defendant and proceeded to a different area of the campus. (N.T., p. 4.) About five minutes later the officers heard a voice screaming at them and saw defendant running down a hill towards them screaming, "You mother f - - - - -, I should kill you, you're a dickhead, you lied to me." (N.T., pp. 4-5.) Defendant approached Officer Jordan and said, "I'm going to kick your ass," and continued to repeat obscenities at Officer Jordan. (N.T., p. 7.) Officer Jordan asked defendant to leave several times and explained to defendant that he would be arrested if he did not stop. (N.T., p. 8.) Defendant then forcefully shoved Officer Jordan one time in his chest area. (N.T., pp. 8, 18.) Defendant's hands were open when he shoved Officer Jordan. (N.T., p. 16.) Officer Jordan was moved back by the shove and lost his balance, but he did not fall to the ground. (N.T., p. 16.) Officers Jordan and Stringer placed defendant under arrest and defendant resisted arrest for a few minutes by swinging his arms wildly. (N.T., p. 17.) About four hours later, Officer Jordan went to the hospital because of a pain in his leg in the calf area. (N.T., p. 19.)

## DISCUSSION

In considering a habeas corpus challenge in the context of a preliminary hearing, the court must determine whether the evidence received at the hearing established sufficient probable cause to believe the defendant committed the offense with which he is charged. *Commonwealth v. Snyder,* 335 Pa. Super. 19, 23, 483 A.2d 933, 935 (1984).

Proof beyond a reasonable doubt is not necessary at this stage. *Commonwealth v. Lodise,* 276 Pa. Super. 484, 419 A.2d 561 (1980). Rather, the Commonwealth need only establish a prima facie case that a crime has been committed and the accused is the one who committed it. *Snyder, supra* at 23, 483 A.2d at 935. "The prima facie standard requires that the Commonwealth produce evidence of the existence of each and every element of the charge; consequently, absence of evidence of a material element is fatal." *Commonwealth v. Styler,* 411 Pa. Super. 133, 135, 600 A.2d 1300, 1301 (1991), quoting *Commonwealth v. Wojdak,* 502 Pa. 359, 368, 466 A.2d 991, 996-97 (1983).

In the present case, defendant challenges the charge of aggravated assault, 18 Pa.C.S. §2702(a)(3), which provides:

"Section 2702. Aggravated assault

"(a) Offense defined.—A person is guilty of aggravated assault if he:...

"(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer, firefighter or county adult probation or parole officer, county juvenile probation or parole officer or an agent of the Pennsylvania Board of Probation and Parole in the performance of duty;..."

18 Pa.C.S. §2301 defines "bodily injury" as:

"Impairment of physical condition or substantial pain."

The court has reviewed the evidence from the preliminary hearing held on May 5, 1993, in this matter. The court has very carefully examined the testimony of Officer Jordan who was the only witness who testified

at the preliminary hearing. Defendant's hostile confrontation with Officer Jordan, which resulted in his arrest, was clearly an agitation to a police officer. (N.T., pp. 6-9.) Officer Jordan testified that after he told defendant to leave or face arrest, defendant told Officer Jordan to, "Go ahead and arrest me," and hit Officer Jordan with both of his open hands on Officer Jordan's chest one time. (N.T., pp. 8, 16.) Officer Jordan described this blow as a "shove" that pushed him backward. (N.T., p. 8.) Officer Jordan did lose his balance but did not fall to the ground. (N.T., p. 16.) Officer Jordan then informed defendant that he was under arrest and defendant tried to get away by swinging his arms for about one minute. (N.T., pp. 9, 17.) Officer Jordan could not recall if defendant's swinging arms ever made contact with him. (N.T., p. 17.) Defendant was forced to the ground and placed under arrest by Officer Jordan. (N.T., p. 18.) Later that morning, Officer Jordan went to the hospital due to a pain in the calf area of his left leg. (N.T., pp. 9, 19.) Officer Jordan testified that he was not aware of defendant ever kicking or hitting his left leg. (N.T., p. 20.) In *Commonwealth v. Goins,* 348 Pa. Super. 22, 24, 501 A.2d 279, 280 (1985), the Superior Court held that the term "bodily injury" is not a legal term with a meaning "laymen do not necessarily understand without judicial guidance." *Goins,* like the case sub judice, concerned a defendant who physically resisted arrest. *Goins* involved a defendant who inflicted bruises and scratches upon the arresting officers which the Superior Court held constituted "bodily injury." *Goins, supra* at 25, 501 A.2d at 280. In a later case, the Superior Court held that a defendant's violent dancing which caused bruises and slight

cuts on the victim's arms and hurting in her arms and knees was insufficient to establish either "physical impairment or substantial pain" needed to constitute bodily injury. *Commonwealth v. Kirkwood,* 360 Pa. Super. 270, 274, 520 A.2d 451, 454 (1987).

The official comment to the Pennsylvania Crimes Code suggests that the definition of bodily injury appearing at 18 Pa.C.S. §2301 was derived from section 210.0 of the Model Penal Code. The comment to the Model Penal Code, in turn, suggests that the definition of "bodily injury" was based on section 10.00 of the Crimes Code of New York. See Toll, Pennsylvania Crimes Code Annotated Section 2301 (1974 ed.). Therefore, we look also to decisions of the courts of New York, where we are able to find additional guidance. In interpreting the Crimes Code of New York, the courts of that state have held that petty slaps, kicks and shoves do not amount to "bodily injury." *In re Philip A.,* 49 N.Y.2d 198, 424 N.Y.S.2d 418, 400 N.E.2d 358 (1980). In the absence of evidence of physical impairment, moreover, testimony that the alleged victim sustained a very sore neck was insufficient to show that she had suffered the requisite bodily injury or substantial pain. *People v. Hargrove,* 95 App.Div.2d 864, 464 N.Y.S.2d 224 (1983). And where there was a swelling and a red mark on the victim's face, this was held insufficient as a matter of law to establish "impairment of physical condition or substantial pain." *In re Philip A., supra.* Also, a one centimeter cut above the lip, without more, was held to be inadequate to show that the alleged victim had suffered either "substantial pain" or "impairment of physical condition." *People v. Jimenez,* 55 N.Y.2d 895, 449 N.Y.S.2d 22, 433 N.E.2d 1270 (1982). Finally,

an incidental reference to a blackened eye without any development of its appearance, seriousness, accompanying swelling, or suggestion of pain was held insufficient in *People v. McDowell,* 28 N.Y.2d 373, 321 N.Y.S.2d 894, 270 N.E.2d 716 (1971). On the other hand, a punch in the nose, even where the victim has missed no time from work, was held adequate to show bodily injury in *People v. Chesebro,* 94 App.Div.2d 987, 463 N.Y.S.2d 711 (1983); and a kick in the stomach, even though not requiring medical attention was held to be sufficient to show bodily injury within the statutory definition in *In re Parks,* 78 Misc.2d 281, 356 N.Y.S.2d 440 (1974).

Naturally the New York decisions are not binding upon this court. However, the prior New York decisions, as well as the decisions of the Pennsylvania Superior Court, suggest that the assault sections of the Crimes Code were intended to protect and preserve one's physical well-being and was not intended to prevent temporary hurts resulting from trivial contacts which are a customary part of modern day living. See *Interest of J.L.,* 327 Pa. Super. 175, 178, 475 A.2d 156, 157 (1984). ("... it is difficult to attach criminality to the pushing, shoving, slapping, elbowing, hair-pulling, perhaps even punching and kicking, that not frequently occur between siblings or other members of the same family.")

Indeed, as the Superior Court noted in *Kirkwood, supra:*

"The Pennsylvania legislature, in recognition that not all physical contact constituted an assault and in an attempt to close any loophole which remained by virtue of the definition of assault, created the summary offense of har-

assment, which it defined to include a situation in which '[a] person ... with intent to harass, annoy or alarm another person: (1) ... strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same....'18 Pa.C.S. §2709." *Id.* at 275, 520 A.2d at 454.

In the case sub judice, the only contact between defendant and Officer Jordan that Officer Jordan could positively recall is one shove by defendant. There was no evidence of any cuts, bruises or abrasions on Officer Jordan's body. The only injury of any type to Officer Jordan was a pain in the calf area of his left leg. (N.T., p. 19.) Officer Jordan could not attribute this pain directly to defendant and did not testify that the pain was substantial or lasting.

Furthermore, this court does not believe that a single open-handed shove to a person's chest, that fails to knock the person over or cause bruising or cuts, is sufficient, even when coupled with wildly swinging arms while resisting arrest, to constitute an attempt to cause bodily injury. The manner of resisting arrest used by defendant was not assaultive within the meaning of the statute.

Accordingly, the court enters the following:

## ORDER

And now, July 9, 1993, upon consideration of the record and arguments of counsel, the petition for writ of habeas corpus challenging the district justice's holding defendant for court filed by defendant Jason J. Rowlands is granted as to the charge of aggravated assault, 18 Pa.C.S. §2702(a)(3).

Count 1 of the information at no. 1993-631 charging defendant with aggravated assault, 18 Pa.C.S. §2702(a)(3) is dismissed.

The remaining charges at no. 1993-631 shall proceed secundum normam legis.