■ In the Matter of CLEM F., Also Known as CLEM W., JR.,

a Person Alleged to be a Juvenile Delinquent, Appellant. [603 NYS2d 507] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Bellantoni, J.), entered April 16, 1992, which, upon a fact-finding order of the same court, entered March 6, 1992, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and unlawful possession of a weapon by a person under the age of 16, adjudicated the appellant a juvenile delinquent and placed him on probation for one year. The appeal brings up for review the fact-finding order entered March 6, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's argument on appeal, we find that the evidence was legally sufficient to establish the "physical injury" element (see, Penal Law § 10.00 [9]) of assault in the third degree (see, Penal Law § 120.00). The evidence adduced at the fact-finding hearing established that the appellant shot the victim in the arm with a BB gun. Although the victim did not miss any school as a result of the shooting, he did experience pain upon being shot, and more significantly, the medical treatment for the injury required the victim to keep his arm in a sling for one month after removal of the BB pellet. Given these circumstances, the Family Court correctly determined that the victim had suffered a "physical injury", since there was an "impairment of physical condition" which restricted the movement of the arm for a substantial period of time following the injury (see, Penal Law § 10.00 [9]; see, People v Greene, 70 NY2d 860; People v Bogan, 70 NY2d 951; People v Talibon, 138 AD2d 426). Accordingly, a finding that the appellant committed an act, which, if committed by an adult, would have constituted the crime of assault in the third degree, was warranted.

We also find that, despite the fact that the BB gun was never recovered or placed into evidence at the hearing, the evidence was legally sufficient to establish that the appellant was guilty of unlawful possession of a weapon by a person under 16 years old (see, People v Shelton, 175 AD2d 887; People v Hechavarria, 158 AD2d 423). Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur.