■ In the Matter of MANUEL G., a Person Alleged to be a Juvenile Delinquent, Appellant. [626 NYS2d 859] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Sparrow, J.), dated January 28, 1994, which, upon a fact-finding order of the same court dated December 13, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree (two counts) and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 10 months. The appeal brings up for review the fact-finding order dated December 13, 1993.

Ordered that the order is affirmed, without costs or disbursements.

The evidence is legally sufficient to support the finding that the appellant committed acts, which if committed by an adult, would have constituted the crime of assault in the third degree. The complainant testified that he experienced pain, headaches, and blurred vision and that he sought medical attention and missed one week of school as a result of the appellant's hitting him in the face with a lock. This testimony is sufficient to establish that the complainant sustained a physical injury as that term is defined in the Penal Law (see, Penal Law §§ 10.00, 120.00; People v Sloan, 202 AD2d 525; Matter of Clem F., 198 AD2d 223; People v Soto, 184 AD2d 673; cf., People v Chandler, 120 AD2d 542).

The appellant contends that the complainant's testimony is not credible. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier-of-fact which saw and heard the witnesses (cf., People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (cf., People v Garafolo, 44 AD2d 86, 88; see also, Matter of Michael D., 109 AD2d 633, affd 66 NY2d 843). Upon the exercise of our factual review power, we are satisfied that the Family Court's determination is not against the weight of the evidence (cf., CPL 470.15 [5]).

We have considered the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.