■ In the Matter of SHANE E., a Person Alleged to be a Juvenile Delinquent, Appellant. BRUCE D. WILSON, as Assistant Tompkins County Attorney, Respondent. [679 NYS2d 209] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 16, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was charged in a juvenile delinquency petition with acts which, if committed by an adult, would constitute the crime of assault in the third degree. Respondent moved to dismiss the petition as jurisdictionally defective, claiming that it failed to satisfy the statutory requirement that "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]; *see, Matter of Rodney J.*, 83 NY2d 503, 506-507; *Matter of Evan U.*, 244 AD2d 691). Specifically, respondent claimed that the petition failed to allege facts supporting the element of "physical injury" (Penal Law § 120.00 [1]; § 10.00 [9]). Family Court denied the motion, and respondent then entered an admission to the petition as part of a plea bargain that resolved another pending petition based upon allegations that respondent had committed acts constituting the crimes of burglary and criminal mischief. Respondent now appeals the order adjudicating him a juvenile delinquent.

Because we agree with Family Court's conclusion that the factual portion of the petition, as supplemented by the annexed supporting deposition, makes out a prima facie showing of physical injury, we affirm. Penal Law § 10.00 (9) defines physical injury as "impairment of physical condition or substantial pain". Here, the petition alleges that in March 1997 respondent confronted a 15-year-old male acquaintance and began to beat him with his fists about the head and face. When the victim fell to the ground, respondent continued the assault, kicking him in the head and face. In all, the victim estimates that he was punched about 20 times in the head and face and kicked about 10 times in the head. Afterward, the victim complained of bumps and bruises to his entire head and face, bleeding from the inside of his mouth and a small cut on his

forehead, and stated that the beating had caused him "substantial pain". A physician who examined the victim the following day directed that he be closely monitored for signs of concussion and that he be given a pain reliever.

Although we agree that the mere parroting of statutory language will not suffice, it is our view that the petition's factual allegations concerning the severity and duration of the beating and the physical consequences thereof permit a finding that the victim suffered physical injury. He was by no means subjected to petty slaps, shoves or kicks (*cf., Matter of Philip A.*, 49 NY2d 198, 200), nor did he complain only of a sore chest and minor cut lip (*cf., Matter of Pernell M.*, 98 AD2d 776, 777). Rather, he was beaten until he had cuts to his mouth and forehead and also bumps and bruises to his entire head and face. "Although the issue is arguably a close one * * * we are satisfied that the evidence was sufficient to sustain the Family Court's determination that physical injury as defined by the statute had been adequately established" (*Matter of Isaac W.*, 89 AD2d 831, 831-832 [citations omitted]).

The parties' remaining contentions have been considered and found to be lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.