■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY ORTIZ, Appellant. [736 NYS2d 89] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 17, 2000, convicting him of assault in the third degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insuf-

ficient to establish his guilt of assault in the third degree because the People failed to establish that the complainant sustained a physical injury (*see,* Penal Law § 120.00). However, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant sustained a physical injury, as she experienced pain and had limited motion in her right arm for over a year. Moreover, her right arm was in a sling for approximately a month and a half (*see, People v Ayuso,* 204 AD2d 472; *Matter of Clem F.,* 198 AD2d 223, 224). This injury also prevented her from performing certain daily activities. Furthermore, the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Moreover, the defendant's contention that the Supreme Court committed reversible error by permitting the People to introduce evidence of prior violent incidents involving the complainant and the defendant is meritless. The evidence was properly admitted to demonstrate the defendant's intent and motive to cause physical injury to the complainant (*see, People v Howard,* 285 AD2d 560, *lv denied* 96 NY2d 940), as well as to provide the jury with background information regarding the nature of their relationship (*see, People v Shorey,* 172 AD2d 634). In light of the Supreme Court's limiting instruction, the probative value of this evidence was outweighed by any prejudicial effect (*see, People v Foy,* 176 AD2d 893). Altman, J.P., Adams, Townes and Prudenti, JJ., concur.