In the Matter of JEANNIE B., on Behalf of JAYDA D.-B., Respondent, v ROGER D., Appellant. [824 NYS2d 332]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Rockland County (Christopher, J.), dated June 15, 2005, which, after a hearing, inter alia, directed that he stay away from the mother and the child, as well as from the home of the maternal grandparents, until June 2, 2010.

Ordered that the notice of appeal from a fact-finding order of the same court dated May 10, 2005 is deemed a premature notice of appeal from the order of protection (see CPLR 5520 [c]); and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the evidence was legally sufficient to establish that the petitioner sustained a physical injury as defined under Penal Law § 10.00 (9). In addition to the petitioner's testimony that the appellant "stomped" on her six or seven times, and that she went to a bone specialist and underwent physical therapy twice a week for a month, a responding police officer testified that he observed bruises on the petitioner's body, and the photographs that he took of the bruises were admitted into evidence. The officer's testimony, together with the photographs, constituted objective evidence which, together with the petitioner's testimony, was sufficient to prove by a preponderance of the evidence that the appellant committed acts constituting assault in the third degree (see *People v Ortiz*, 290 AD2d 460, 461 [2002]; *People v Ayuso*, 204 AD2d 472 [1994]; *Matter of Clem F.*, 198 AD2d 223, 224 [1993]; cf. *Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *People v McDowell*, 28 NY2d 373, 375 [1971]; *People v Hargrove*, 95 AD2d 864 [1983]).

Furthermore, we reject the appellant's contention that he did not receive a fair hearing. While the appellant denied that the incidents occurred, the Family Court credited the petitioner and not the appellant. As the trier of fact, the Family Court's deter-

mination regarding the credibility of the witnesses is entitled to great weight (*see Matter of Ford v Pitts*, 30 AD3d 419 [2006]). Since there is a sound and substantial basis in the record for the Family Court's credibility determination, we will not disturb it (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Jennifer R.*, 29 AD3d 1003 [2006]; *Matter of Fasano v State of New York*, 113 AD2d 885, 888 [1985]). Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.