Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sher, J.), rendered October 10, 2007, convicting him of menacing in the third degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).
Contrary to the defendant’s contention, the evidence regarding a prior incident at the home of the defendant’s family was properly admitted to establish his intent to place the complainant in fear for her physical safety or life (see Penal Law § 120.15) and to enable the jury to understand the nature of the defendant’s relationship with the victim (see People v Ortiz, 290 AD2d 460 [2002]; People v Shorey, 172 AD2d 634 [1991]). The defendant’s additional contentions regarding evidence of prior uncharged acts are unpreserved for appellate review (see CPL 470.05 [2]; People v Dahlbender, 23 AD3d 493 [2005]; People v Webb, 203 AD2d 606 [1994]) and, in any event, are without merit (see People v Acevedo, 32 NY2d 941 [1973]; People v Hall, 299 AD2d 493 [2002]).
The defendant received the effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). The defendant failed to demonstrate that he was denied meaningful representation or that there were no strategic or other legitimate explanations for counsel’s alleged shortcomings (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Williams, 8 NY3d 854, 855-856 [2007]; People v Taylor, 1 NY3d 174, 177 [2003]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.