Commonwealth *v.* McMillion et al., Appellants.

Argued March 10, 1969.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Donald L. Reihart,* Public Defender, for appellant.

*John T. Miller,* First Assistant District Attorney, with him *John F. Rauhauser, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 12, 1969:

These appeals are from the judgment of sentence of the Court of Quarter Sessions of York County after a trial by jury and convictions on two counts of burglary and larceny.

It appears that on May 3, 1967, in early daylight, three men broke the plate glass window of a jewelry store in the City of York, Pennsylvania, scooped out some jewelry and fled. On May 13, 1967, at about the same time of day, three men smashed the window of another jewelry store, scooped out some jewelry and fled. The two appellants were apprehended a short time after the second occurrence, but the third man has not been found.

Both of the above occurrences were observed by the same eyewitness who later identified the defendants in a cell at police headquarters, at the preliminary hearing and at the trial, and observed the offenders for about an hour at the time of the second occurrence.

Appellants contend the court below erred by permitting identification testimony to be introduced in evidence over objection and that it violated due process of law.

This case is not controlled by *U. S. v. Wade,* 388 U.S. 218 (1967), nor *Gilbert v. California,* 388 U.S. 263 (1967), since they are not to be applied retroactively. The guidelines set forth in *Stovall v. Denno,* 388 U.S. 293 (1967), do apply and were met in this case. The court held a separate hearing with regard to the identification testimony and the record clearly indicates the identification was based upon observation of the defendants at the time of the occurrences.

Appellants also contend that the participation by the trial court in the questioning of witnesses deprived the appellants of a fair and impartial trial. We find no merit in this. The court here merely attempted to clear up possible confusion in the minds of the jury.

The appellants also contend the court below committed basic error in its charge to the jury. With this we must agree.

It has been the law of Pennsylvania from its inception that it is solely within the province of a jury to pass on all elements of an offense; and to accept or reject testimony and arrive at its own conclusion as to whether the Commonwealth has met its burden of proving every element beyond a reasonable doubt.

The court below in its charge to the jury stated, "There is no question that burglaries and larcenies were committed by someone in these two cases. The only issue is whether these defendants committed them," and also, "I, repeat, the only issue here is whether either or both of these defendants were the ones who committed burglaries and larcenies of the jewelry stores in question." No instruction as to burden of proof as to the duty of the jury can wipe away such a clear direction of the court.

The court also failed to instruct the jury as to the crimes charged, the elements which had to be proven, etc. As was said in *Commonwealth v. Weatherwax*, 166 Pa. Superior Ct. 586, 73 A. 2d 427 (1950), "As to serious crimes, it is a fundamental duty of the trial judge to give full and explicit instructions as to the nature of the charges. Though these crimes are becoming more and more commonplace we cannot assume that the jury understood clearly the exact issues involved or because of exposure are learned in the law."

Judgments of sentence reversed and new trials granted.