Dissenting Opinion by
Hoffman, J.:
This is an appeal from appellant’s conviction for aggravated robbery. Appellant waived his right to trial by jury.
The evidence adduced at trial established that the prosecutrix and her roommate were walking on Pine Street in Philadelphia at 9:00 p.m., when they were *113 approached by appellant and a juvenile. The appellant and the juvenile split and went around the girls. The juvenile then grabbed the prosecutrix’ purse and struggled with her for several minutes. During this struggle the prosecutrix and the juvenile were yelling at each other. Finally, the struggle ended, the purse strap broke, and the juvenile ran away with the purse. The appellant also fled the scene.
At no time did appellant ever handle the purse, either during the straggle or the flight. Throughout the entire incident, appellant stood several feet away from the juvenile and did not assist the juvenile in any manner. Prior to the taking of the purse or during the struggle there was no conversation between the juvenile and appellaut.
Appellant contends in this appeal that (1) the evidence at trial was insufficient to support a guilty verdict, and (2) the lower court erred in refusing to allow defense counsel to question the prosecutrix as to whether appellant did anything, by word or physical actions, which put her in fear that he would take her property. As these two issues are interrelated, I will consider them together.
It is apparent from the record and the lower court’s opinion that both the district attorney and the lower court believed that mere presence was enough to support a guilty verdict. During defense counsel’s cross examination of the prosecutrix the following colloquy occurred: “Me. Ledeeee: Q. And a final question. Was there anything that Thomas did that put you in fear that he was taking your purse? Me. Ozap : Objected to. Me. Ledeeee: Your Honor, that’s the gravamen of the charge. Me. Ozap : His presence alone is enough. The Court : I heard what she said. As I understood it, the younger of these two boys you called him a juvenile, he was the actual fellow that grabbed your purse and Ralph was immediately behind him, as I understand it? *114 The Witness: Yes, sir. The Court: Is that right? The Witness: Yes, sir. The Court: They both ran off? The Witness: Yes, sir. The Court: After they had the purse in the same direction? The Witness: Yes, sir. Mr. Lederer: Q. After the juvenile had the purse, did Thomas ever have the purse in your sight? A. Not in my sight. The Court: That’s what you’re really saying. Mr. Lederer: Yes, sir. The Court: That he actually, and she says so, was not the fellow who actually grabbed the purse. Mr. Lederer: Nor did he make any physical movement. The Court: All right. They were both there. Mr. Lederer: Yes, sir. The Court : They were both there and — ”
In the lower court’s memorandum opinion the court noted that “[t]he Penal Code provides three culpable methods of criminality for aggravated robbery: '(1) Armed Weapon; (2) two or more culprits; and (3) violence.’ Two of these requirements are present in the case at bar. The robbery was committed im company with one other, and violence was done during the larceny and the ensuing struggle [citation omitted].” (Emphasis added.)
It is my belief that mere presence at the scene of a crime, even one that is performed by a friend of the accused, is not enough to support a guilty verdict. In Commonwealth v. Garrett, 423 Pa. 8 (1966), our Supreme Court held that the appellant’s presence at the scene of an assault both before and after the assault and his association with the attackers at both times was insufficient, absent direct proof that he actually participated in the assault, to sustain a conviction:
“In the instant case, no attempt was made to establish appellant’s guilt as a principal in the second degree or an accessory before the fact. Accordingly, it was incumbent upon the Commonwealth to establish appellant’s participation in the assault and robbery. We are of the view, however, that the evidence of such *115 participation was so weak and inconclusive that as a matter of law the inferences of fact necessary to establish guilt could not be reasonably drawn. See Commonwealth v. Libonati, 346 Pa. 504, 508, 31 A. 2d 95, 97 (1943).
“Appellant’s presence on the scene, both immediately prior and subsequent to the commission of the crime, was established. This fact, however, in the absence of other evidence indicative of appellant’s participation in the robbery, did not warrant submission of the case to the jury.” Commonwealth v. Garrett, supra, at 12-13.
The fact that an individual may approve the commission of a crime does not make him a principal if he did not in any way manifest to the criminals that he shares their purpose and is acting with them. As stated in Wharton’s Criminal Law and Procedure, “ [s] omething must be shown in the conduct of the bystander which indicates a design to encourage, incite, or in some manner afford aid or consent to the particular act.” I Wharton’s Criminal Law and Procedure §108 (1957).
In the instant case, all that was shown was that appellant was present at the scene of the crime. There is no proof, that appellant aided or abetted the perpetrator of the crime or offered encouragement of any kind.
It is quite plausible that appellant was surprised by the taking of the pocketbook. Indeed, had appellant sought to aid in the mugging, he would have helped subdue the prosecutrix so that she would not yell or struggle for several minutes, as she did. Appellant’s failure to assist increased the chances that the juvenile would be caught. To infer that he had the requisite criminal intent under the facts in the case at bar is speculative and therefore proscribed by the authorities referred to above.
*116 The fact that appellant fled the scene after the mugging cannot be considered as sufficient evidence to establish his guilt. Such flight is not inconsistent -with appellant’s innocence.[1]
If appellant’s attorney had been allowed to ask the prosecutrix whether the appellant did anything to put her in fear that he would take her purse, and if she indicated that the appellant by some action had indicated such an intention, then the evidence at trial would have been sufficient for a finding of guilt. Appellant’s attorney, however, was not allowed to ask this question: “Q. Was there anything that Mr. Thomas did in way of words or physical actions which put you in fear that he would take your property? Mr. Czap: Objected to. The Court: Well, I don’t think she— Mr. Czap : It’s for the fact-finder. The Court : What’s that? Mr. Czap : That’s for the fact-finder. The Court : But he is asking her in actuality did he say anything. Did he himself make an attempt to get the purse or bag *117 or whatever it was? What was it, a bag? The Witness : Yes, sir. The Court: And they came np together and they both ran away with the purse? The Witness : Yes, sir. The Court: And the other fellow had the purse? The Witness: Yes, sir. The Court: I mean, I got the gist of it. Q. Could you answer that? Were you in fear by his actions or words? The Court: Well, I don’t know what you mean by Tear’. Mr. Lederer : In apprehension that he actually— The Court: Actually, according to her testimony, the other fellow grabbed the pocketbook or the purse or whatever it is. Mr. Lederer : All right, sir. I will submit then— The Court : I have to determine that. Mr. Lederer : All right. Thank you, sir.”
From the above, it is clear that the lower court thought that it was his duty to determine whether the appellant’s presence and actions put the prosecutrix in any fear during the purse snatching, and that such determination was not to be made by the prosecutrix herself on the basis of her observations. The prosecutrix’s testimony in this regard, however, would have been crucial.
There must be tangible proof that the accused actually conspired or aided or abetted in the commission of the crime, and such proof must be based on substantive evidence. Commonwealth v. Mourar, (No. 1), 167 Pa. Superior Ct. 276, 74 A. 2d 732 (1950). Hence, in the instant case, if the appellant took some action which placed the prosecutrix in fear, this could aid the juvenile who committed the offense. If on the other hand, the appellant did nothing to affect the prosecutrix, there would be nothing in the present record to support a finding of guilt.
Yet, the lower court saw this as immaterial, and prevented appellant from affirmatively showing that no prima facie case against him existed or, in the alterna *118 tive, even, if such a prima facie case did exist by inference, prevented him from rebutting such inference. Accordingly, the prosecutrix did not testify as to whether the appellant was or appeared to be acting as a lookout, what the expression on his face was, whether he was laughing during the incident, whether he was nervous, whether he was obviously surprised or concerned during the attack. This is the type of testimony that would have been elicited to the question as to whether appellant did anything to place her in fear during or before the incident.
It was error, therefore, to restrict cross-examination to simply whether appellant physically grabbed the prosecutrix’ purse. The error had the effect of precluding an available defense to appellant and was equivalent, therefore, to an error in the charge as to the elements of the offense. As such it is reversible error. Commonwealth v. McMillion et al., 215 Pa. Superior Ct. 306, 265 A. 2d 375 (1969).
For the above reasons, I would vacate the judgment of sentence and remand this case for a new trial.
Spaulding, J., joins.

 As I stated in my dissenting opinion in Scott Appeal, “[t]lie fact of flight itself does not establish guilt. Such flight, as the lower court itself recognized, is evidence when the person accused knows he is accused, and when offered ‘in connection with other proof may be the basis from which guilt may be inferred. . . .’ As the United States Supreme Court stated in Alberty v. United States, 162 U.S. 499 (1896), ‘[I]t is a matter of common knowledge that men who are entirely innocent do sometimes flee from the scene of a crime through fear of being apprehended as the guilty parties or from an unwillingness to appear as witnesses.’ See also Hickory v. United States, 160 U.S. 408 (1896) ; Wong Sun v. United States, 371 U.S. 471 (1963).
“Indeed, in addition to the possible causes for flight suggested in Alberty, the defendant may well have fled merely because he was at that moment in violation of the Philadelphia curfew ordinance. Clearly, however, where various reasons for such flight exist, we should not arbitrarily select among equally plausible explanations.” Scott Appeal, 215 Pa. Superior Ct. 202, 204, 205 (1969) (dissenting opinion) ; Cf. Commonwealth v. Vassiljev, 218 Pa. Superior Ct. 215, 275 A. 2d 862 (1971).