425 A.2d 748

**COMMONWEALTH of Pennsylvania,**

v.

**Thomas ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Jan. 11, 1980.

John W. Packel, Chief, Appeals, Assistant Public Defender, for appellant.

Eric B. Henson, Assistant District Attorney, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

Appellant contends that: 1) the trial court incorrectly instructed the jurors on the offenses charged; 2) the court

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania is sitting by designation.

did not inform the jurors of an available defense to conspiracy; 3) the court incorrectly defined the standard of reasonable doubt; and 4) his inculpatory statement should have been suppressed. We agree in part with appellant's first contention and therefore affirm in part and reverse in part.

Appellant was riding with two other men in a car. The driver pulled up beside the victim, Jerry Tannenbaum, walking on the street, and appellant got out to ask Tannenbaum for money. When Tannenbaum refused, one of the other men, Mylice James, came up behind him and began to punch Tannenbaum while appellant choked him. Tannenbaum threw his wallet on the ground and one of the men eventually picked it up. The men then drove off. Tannenbaum sustained cuts, scratches and bruises on his face. Appellant testified that he politely asked Tannenbaum for money and made no threats. When James attacked Tannenbaum, appellant attempted to separate the pair by grabbing both. According to appellant, James escaped his grip and he was left holding Tannenbaum around the throat. Tannenbaum complained that appellant was choking him and appellant immediately released him. Appellant stated that he never saw a wallet and, in the car, argued with James about what James had done.

At trial, appellant submitted points for charge on each of the offenses. The court rejected the proposed points. On April 17, 1978, a jury convicted appellant of robbery, simple assault and conspiracy. After denying post-verdict motions, the trial court sentenced appellant to a term of imprisonment of 1 to 5 years for conspiracy, a concurrent term of 2 to 5 years for robbery and suspended sentence on the assault charge.

■ Appellant contends that the trial court erroneously instructed the jury on each of the offenses charged. 18 Pa.C.S.A. § 2701 provides:

"§ 2701

(a) Offense defined.—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

(b) Grading.—Simple assault is a misdemeanor of the second degree unless committed in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree."

The trial court's instruction on assault was sparse:

"The first thing you must consider when you are considering assault is whether Jerry Tannenbaum, that is the victim, suffered bodily injury. Or did someone try to inflict bodily injury on him. Bodily injury is the kind that causes one to suffer substantial pain or may [impair] your physical condition."

This instruction was insufficient to permit the jurors to convict appellant of simple assault. The jurors could not properly convict under § 2701(a)(1) because the court had not defined "attempt" or "intentionally, knowingly or recklessly." They could not properly convict under (a)(2) because the court had not defined "negligently." They could not properly convict under (a)(3) because the court had not defined "attempt," "physical menace," or "imminent," legal terms whose meanings laymen do not necessarily understand without judicial guidance. *See Commonwealth v. McMillion*, 215 Pa.Super. 306, 265 A.2d 375 (1969); *cf. Commonwealth v. Heatherington*, 477 Pa. 562, 385 A.2d 338 (1978) (conviction reversed because court failed to instruct on self-defense). Thus, we reverse appellant's conviction for simple assault.

■ 18 Pa.C.S.A. § 3701 provides:

"§ 3701. Robbery

(a) Offense defined.—

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically takes or removes property from the person of another by force however slight.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

(b) Grading.—Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree.

The court charged:

" . . . Robbery is stealing under certain circumstances. If a victim has bodily injury inflicted upon him or is placed in fear of bodily injury during the theft, you have a robbery."

The court, however, never defined theft. Thus, the jurors were ignorant of an element of the offense of robbery and could not properly convict appellant of robbery. Accordingly, we reverse appellant's conviction for robbery.**

■ Appellant argues that the court incorrectly defined conspiracy and failed to present a balanced instruction concerning circumstantial proof of conspiracy. The court charged:

"Let us talk about conspiracy. A criminal conspiracy occurs when two or more people agree to help or take part in the commission of a crime. Criminal conspirators never sit down and put their agreement in writing and sign it. Hardly ever do criminal conspirators discuss and work out their agreements in the presence of witnesses. Almost always the law proves a conspiracy through the actions of

** Appellant also contends that the court incorrectly charged the jury only on robbery of the second degree, not on robbery of the third degree. *See* 18 Pa.C.S.A. § 3701(b). In view of our disposition, we do not consider this issue.

its members. Any conspiracy has to go beyond the talking stage. There must be some action taken by one of the members in furtherance of his agreement. The law says that there must be an overt act.

In this case the Commonwealth says that the purpose of the agreement was to assault and rob young Tanenbaum. The Commonwealth says the action taken or the overt act was that of striking Tanenbaum.

A conspiracy may be formed in a second and its existence may be very, very fleeting. If you find the conspiracy existed, then the act of each member is the act of everyone else in the conspiracy.

For example, if there are four men, A, B, C and D. A says to the other three that we are going to rob a bank and he tells them when and where and so on and when they have the money there and he says I will provide a car and I will also provide a gun. B will be the driver of the car, he will remain in the car. C will be the lookout outside the bank. D will go into the bank, he will carry the gun but you will not have any ammunition in the gun because I do not want anybody killed and I want the gun only to be used to frighten. Unbeknownst to everyone, D puts bullets in the gun and goes into the bank and a teller is killed. Everybody is responsible for and may be charged with the robbery and the killing.

Let us go back to this case. There was testimony that the defendant Mr. Azim never got out of the car when the victim was beaten and his money taken. After the alleged violence was completed, Mylice James—you will recall he was the man that was called into this courtroom—and the defendant Robinson got back into the car uniting at the curb and that was operated by Azim and this car drove away.

If you find a conspiracy and you find beyond a reasonable doubt that Azim was a member of that conspiracy, then the criminal acts of the others in the conspiracy are also his acts. And if you do not so find, then you should find him not guilty."

This charge accurately and impartially conveyed the elements of conspiracy. *See* 18 Pa.C.S.A. § 903; *Commonwealth v. Young*, 233 Pa.Super. 429, 335 A.2d 498 (1975). Appellant points to no prejudice caused by the court's charge and we see none.

■ Appellant asserts that the court erred in instructing the jurors that reasonable doubt is that degree of doubt which would cause one to "restrain" from acting in a matter of importance. According to appellant, the court should have said "hesitate," because "restrain" requires more doubt for acquittal. Our Supreme Court has repeatedly upheld the language employed here. *See Commonwealth v. Brown*, 470 Pa. 274, 368 A.2d 626 (1976); *accord, Commonwealth v. Middleton*, 260 Pa.Super. 571, 394 A.2d 1293 (1978). Therefore, this claim is without merit.

■ Appellant contends that the court erred in failing to inform the jurors of the defense of "renunciation" to conspiracy. 18 Pa.C.S.A. § 903(f) provides:

"(f) Renunciation.—It is a defense that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal intent."

There was no evidence from any source that appellant renounced his participation in the conspiracy, and his own testimony established that the conspiracy succeeded. Because there was no basis for a finding of renunciation, the court properly refused to instruct on it. *See Commonwealth v. Pavilard*, 421 Pa. 571, 220 A.2d 807 (1966) (no evidence of homicide by misadventure); *Commonwealth v. Young, supra* (no evidence of withdrawal from conspiracy).

■ Finally, appellant argues that an inculpatory statement he gave police should have been suppressed because he did not receive full *Miranda* warnings. Appellant did not raise this issue in post-verdict motions and the post-verdict court did not consider it. Consequently, the issue is not preserved for review. *See Commonwealth v. Carrillo*, 483 Pa. 215, 395 A.2d 570 (1978).

We vacate judgment of sentence and remand for a new trial on the charges of simple assault and robbery; affirm judgment of sentence on the charge of conspiracy; and remand for resentencing on conspiracy. *See Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978); *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

HESTER, J., files a concurring and dissenting opinion.

HESTER, Judge, Concurring and Dissenting:

I concur with that portion of the majority's Opinion which affirms the conviction of appellant for conspiracy.

I dissent to that portion of the majority Opinion which would reverse the conviction of appellant of robbery and simple assault. That portion of the court's charge objected to by the majority adequately and accurately reflects the law and, when read as a whole, was sufficient to guide the jury properly in its deliberation.

I respectfully dissent.