501 A.2d 279

**COMMONWEALTH of Pennsylvania**

**v.**

**Barbara GOINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 5, 1985.

Filed Nov. 29, 1985.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, POPOVICH and LIPEZ, JJ.

24

LIPEZ, Judge:

In a jury trial, defendant was convicted of simple assault, resisting arrest, and obstructing the administration of law. Post-verdict motions were denied, and a sentence of two consecutive one-year terms of probation was imposed for the simple assault and obstructing the administration of law charges. Sentence was suspended on the charge of resisting arrest. In this appeal defendant alleges that (1) the evidence was insufficient to support the verdict; and (2) the trial court erred by refusing to instruct the jury as to the definition of "bodily injury" for the simple assault and resisting arrest charges. We affirm.

■ Defendant's sufficiency of the evidence claim is waived since she failed to specifically include it in her post-verdict motions. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979); *Commonwealth v. Cardona*, 316 Pa.Super. 381, 463 A.2d 11 (1983), *petition for allowance of appeal denied.*[1]

■ In defendant's other claim, she argues that without having been instructed as to the definition of "bodily injury," the jury was forced to "rely on speculation and on individual prejudices to reach a verdict" on the charges of simple assault and resisting arrest. "Bodily injury" is defined as "impairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Pennsylvania Suggested Standard Criminal Jury Instructions indicate that courts should use this definition in connection with the instructions on the various assault crimes, including simple assault. Pa. SSJI (Crim) 15.2701A–E. We do not believe, however, that "bodily injury" is a legal term with a meaning "laymen do not necessarily understand without judicial guidance." *Commonwealth v. Robinson*, 284 Pa.Super. 152, 156, 425 A.2d 748, 750 (1980). Furthermore, the jury heard testimony

---

1. Defendant also failed to raise this issue in her written brief in support of post-verdict motions.

that defendant inflicted bruises and scratches upon the arresting officers. Clearly, there was little room for speculation as to whether this constituted "bodily injury." Therefore, the court's failure to define "bodily injury" did not prejudice the defendant.

Judgment of sentence affirmed.

WIEAND, J., dissents.

WIEAND, Judge, dissenting:

Barbara Goins was tried by a jury and was found guilty of simple assault, resisting arrest, and obstructing the administration of law.

Simple assault and resisting arrest are offenses which the legislature defined in a manner to protect against "bodily injury" or the threat thereof.[1] Thus, the infliction of bodily injury or an attempt to inflict the same or put another in imminent fear thereof is an essential element of simple assault; and a substantial risk thereof is an element of resisting arrest. In the instant case, the element of "bodily injury" was an essential element of the crimes charged in the information. The trial court, however, failed to define the term "bodily injury" for the jury and specifically denied a request for such an instruction when made by defense counsel. This, in my opinion, was reversible error.

1. Simple assault is defined at 18 Pa.C.S. § 2701 in the following language:
 (a) Offense defined.—A person is guilty of assault if he:
 (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
 (2) negligently causes bodily injury to another with a deadly weapon; or
 (3) attempts by physical menace to put another in fear of imminent serious bodily injury.
 Resisting arrest is defined at 18 Pa.C.S. § 5104 as follows:
 A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

" 'The primary duty of the trial judge in charging the jury is to clarify the issues so that the jury may understand the questions to be resolved.' ... [F]ailure to fulfill this duty deprives the defendant of a fair trial." *Commonwealth v. Litman,* 276 Pa.Super. 114, 118, 419 A.2d 121, 123 (1980), quoting *Commonwealth v. Jordan,* 407 Pa. 575, 587, 181 A.2d 310, 316 (1962).

"Bodily injury" has been carefully defined by the legislature to mean "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. By virtue of this definition, the term "bodily injury" has a specific meaning in the criminal law which is not necessarily the same as the average layman's understanding thereof. A definition of the term is essential to a jury's understanding of the offenses of simple assault and resisting arrest. A definition of "bodily injury" was particularly necessary in this case, for the testimony was that the defendant had "kicked [a policeman] away from her" and had been "slapping, punching, kicking and scratching" as a result of which one police officer said that he had sustained "some scratch marks, some bruises." Whether the defendant, under these circumstances, was guilty of inflicting or attempting to inflict "bodily injury" and whether she had created a substantial risk of "bodily injury" were not so clear that a definition of "bodily injury" was unnecessary. They were issues for the jury upon adequate instructions from the trial court. By refusing to define the term "bodily injury," the trial court failed to define fully the offenses for which the defendant was being tried and left the jury to its own devices. This, in my judgment, was error of sufficient magnitude to require a new trial on the charges of simple assault and resisting arrest.

Therefore, I would reverse and remand for a new trial on the charges of simple assault and resisting arrest. The judgment of sentence for obstructing the administration of law, however, should be affirmed.