J-S47018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN JAY HUFFMAN | : | |
| | : | |
| Appellant | : | No. 1642 WDA 2017 |

Appeal from the PCRA Order Entered October 18, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001293-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN JAY HUFFMAN | : | |
| | : | |
| Appellant | : | No. 1651 WDA 2017 |

Appeal from the PCRA Order Entered October 18, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0001329-2011

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                     FILED OCTOBER 31, 2018

Calvin Jay Huffman appeals from the denial of his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. He raises claims of trial counsel ineffectiveness and an alleged violation of the Code of Judicial Conduct. We affirm.

We briefly summarize the facts and procedural history of this case as follows. Huffman was involved in a shooting at the Splash Bar in Uniontown

_____
*   Retired Senior Judge assigned to the Superior Court.

on April 24, 2011, in which two people were shot. The Commonwealth tried its case before a jury against Huffman three times. The first trial resulted in a mistrial, while the second trial resulted in a hung jury. At the third trial, as at the two previous trials, only one of the victims, Monique Curry, testified. The Commonwealth also introduced into evidence photographs and a video of Huffman possessing and firing a firearm of the same sort as that used during the shooting – "a machine-gun style firearm"[1] – five days before the shooting. See Notes of Testimony ("N.T."), Trial, 06/04/2013, at 44-71. The jury found Huffman guilty of aggravated assault and related offenses, including violations of the Uniform Firearms Act[2], and the trial court sentenced him to a total of seven and one-half to 15 years' incarceration. This Court affirmed the judgment of sentence on February 6, 2015 and Huffman did not file a petition for allowance of appeal with our Supreme Court. See Commonwealth v. Huffman, No. 544 WDA 2014, unpublished memorandum at 4-5 (Pa.Super. filed Feb. 6, 2015).

Huffman then filed a timely pro se PCRA petition on October 22, 2015. The PCRA court appointed counsel, who filed an amended PCRA petition. The PCRA court issued notice of its intent to dismiss the petition without a hearing. See Pa.R.Crim.P. 907. The PCRA court later dismissed the petition and

_____

[1] Trial Court Opinion, filed April 20, 2018, at 6.

[2] 18 Pa.C.S.A. §§ 6101-6127.

- 2 -

Huffman filed a timely pro se Notice of Appeal. This Court remanded the case for a Grazier[3] hearing to determine if Huffman wished to proceed pro se or with the assistance of court-appointed counsel. See Commonwealth v. Huffman, No. 1090 WDA 2016, unpublished memorandum at 3 (Pa.Super. filed Feb. 28, 2017). Following the Grazier hearing, Huffman proceeded with the assistance of counsel. The PCRA court held a PCRA hearing on August 15, 2017, at which Huffman and his trial attorney, Charles P. Hoebler, Esq., testified. At the end of hearing, the PCRA court ordered PCRA counsel to file an amended petition and certify witnesses that would testify in support of the petition. N.T., PCRA Hearing, 8/15/17, at 26-27. Counsel filed an amended petition but did not provide the requested certification of potential witnesses. See 42 Pa.C.S.A. § 9545(d)(1). The PCRA court denied the petition and this timely appeal followed.

Huffman asks us to review the following issues:

I.   Was trial counsel ineffective for failing to object to the court's jury instruction on the aggravated assault charge?

II.  Was trial counsel ineffective for failing to object to the Rule 560 violation?

III. Was counsel ineffective for failing to file a suppression motion to keep out the video that the prior trial judge found to be inadmissible?

_____

[3] Commonwealth v. Grazier, 713 A.2d 81, 82 (Pa. 1998) (holding trial court must hold on-record hearing to determine if waiver of right to counsel by defendant is knowing, intelligent, and voluntary).

- 3 -

IV.     Did the trial court violate the code of judicial conduct when
        he interrupted the closing of the defense counsel and whose
        statements constituted advocacy favoring the prosecution?

Huffman's Br. at 4.

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." Commonwealth v. Jordan, 182 A.3d 1046, 1049 (Pa.Super. 2018). Huffman raises claims of ineffective assistance of counsel and a claim of alleged judicial misconduct. We address Huffman's claims of ineffective assistance first.

INEFFECTIVE ASSISTANCE OF COUNSEL

Ineffective assistance is a claim cognizable under the PCRA. See 42 Pa.C.S.A. § 9543(a)(2)(ii). "Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." Commonwealth v. Brown, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." Commonwealth v. Paddy, 15 A.3d 431, 442 (Pa. 2011). Prejudice is shown where the petitioner proves that there is a reasonable probability that the proceedings would have been different but for counsel's ineffectiveness. Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008). Failing to satisfy even one of these factors requires this Court to reject the claim. Id.

Here, Huffman contends that trial counsel was ineffective for failing to: (1) object to the trial court's aggravated assault jury instruction; (2) object to an alleged violation of Pa.R.Crim.P. Rule 560; and (3) file a suppression motion for the video of Huffman firing a gun. We now address each claim separately.

AGGRAVATED ASSAULT JURY INSTRUCTION

Huffman contends that trial counsel was ineffective for failing to object to the jury instruction for aggravated assault. Specifically, Huffman claims that counsel should have objected to the court's failure to define "bodily injury." See Huffman's Br. at 7.

When reviewing a claim of error in jury instructions, we do not examine portions of the jury instructions in isolation, but rather look at the instructions as a whole. Commonwealth v. Antidormi, 84 A.3d 736, 754 (Pa.Super. 2014) (citing Commonwealth v. Trippet, 932 A.2d 188, 200 (Pa.Super. 2007)). A new trial is proper only when the instructions clearly prejudiced the defendant. Commonwealth v. May, 656 A.2d 1335, 1343 (Pa. 1995). Additionally, the trial court is not bound by the Suggested Standard Jury Instructions. Commonwealth v. Eichinger, 108 A.3d 821, 845 (Pa. 2014). Thus, the trial court has discretion in constructing its jury instructions and unless there is an abuse of discretion or misstatement of law, there is no reversible error. Id.; see also Antidormi, 84 A.3d at 754. Furthermore, counsel is not ineffective for failing to object to instructions that are justifiable and proper. Eichinger, 108 A.3d at 845.

- 5 -

Huffman was convicted under the subsection of the aggravated assault statute that defines aggravated assault as attempting to cause or intentionally causing "bodily injury" with a deadly weapon. 18 Pa.C.S.A. § 2702(a)(4). The trial court instructed the jury regarding the charge of aggravated assault as follows:

> In order to find the defendant guilty of aggravated assault, you must find that each of the following elements have been established beyond a reasonable doubt and there are three elements.
>
> First, that the defendant caused bodily injury to Monique Curry.
>
> Second, that the defendant acted intentionally or knowingly. A person acts intentionally with respect to bodily injury when it is his conscious, object or purpose to cause such injury. A person acts knowingly with respect to bodily injury when he is aware that it is practically certain that his conduct will cause such a result.
>
> The third element is that the defendant caused the bodily injury using a deadly weapon.
>
> If after considering all of the evidence you find that the Commonwealth has established the three elements of aggravated assault beyond a reasonable doubt, then you must find the defendant guilty of aggravated assault. Otherwise, you must find the defendant not guilty of aggravated assault.

N.T., Trial, 06/05/2013, at 116-17.

While the trial court did not define "bodily injury" for the jury, its instruction on the crime of aggravated assault was proper because "bodily injury" is not a term that "laymen do not necessarily understand without judicial guidance." Commonwealth v. Goins, 501 A.2d 279, 280 (Pa.Super. 1985) (quoting Commonwealth v. Robinson, 425 A.2d 748, 750 (Pa.Super.

1980)). In Goins, this Court held that the trial court did not abuse its discretion when instructing the jury on the charges of simple assault and resisting arrest by failing to define "bodily injury." Id. We concluded that given the arresting officers' testimony that they sustained bruises and scratches, "there was little room for speculation as to whether this constituted 'bodily injury.'" Id.

Here, as in Goins, there is "little room for speculation" as to whether the victim's injuries constituted "bodily injury" within the meaning of 18 Pa.C.S.A. § 2702(a)(4). The Crimes Code defines "bodily injury" as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. Testimony that the victim suffered two gunshot wounds to her lower back was more than enough, without judicial guidance, for the jury to conclude that she sustained "bodily injury." See N.T., Trial, 06/03/2013, at 92 (victim testifying one bullet went through while the other is still lodged in her body).

For similar reasons, Huffman also fails to prove prejudice. Two gunshot wounds so readily meet the statutory definition of "bodily injury" that we do not think it is reasonably likely that the outcome of the trial would have been different if counsel had objected and the trial court had defined "bodily injury" for the jury. See Dennis, 950 A.2d at 960 (ineffectiveness claim rejected where petitioner failed to plead and prove prejudice).

RULE 560

Next, Huffman contends that trial counsel was "ineffective for failing to object to the Rule 560 violation." Huffman's Br. at 10. Huffman makes a

- 7 -

muddled and confusing argument on this issue, but his point seems to be that the admission of the photographs and video violated Rule of Criminal Procedure 560, and counsel should have objected to the claimed violation, because the information charged a different date than the date of the video and photographs. Id. at 10-11.

There was no Rule 560 violation in this case. Rule 560 requires that an information allege certain facts, including the date of the alleged offense, subject to exceptions not implicated here. See Pa.R.Crim.P. 560(B)(3). "The purpose of a criminal information is to notify the defendant of the charge he has to meet." Commonwealth v. McIntosh, 476 A.2d 1316, 1321 (Pa.Super. 1984).

Here, the information alleged that Huffman, who was forbidden to carry a firearm due to his prior criminal felony conviction, possessed and used a firearm, without a license, on April 24, 2011.[4] See Information, filed 08/16/2011. The information informed Huffman of the offenses he allegedly committed and the date of the alleged offenses, thus satisfying Rule 560. See Pa.R.Crim.P. 560(B)(3), (C). In contrast, he was not charged with possessing firearms on April 19, 2011, i.e., the date of the photographs and video. Therefore, the Commonwealth was not required to include that date in the information and there was no Rule 560 violation. Pa.R.Crim.P. 560(B)(3); cf. Commonwealth v. Jones, 912 A.2d 268, 289 (Pa. 2006) ("A criminal

_____

[4] 18 Pa.C.S.A. §§ 6105(a)(2) and 6106(a)(1), respectively.

information is not constitutionally infirm if it notified the defendant of the crime with which he is charged").

To the extent Huffman intended to argue that the photographs and video were not relevant and admissible because the information alleged that he committed an offense on one date and the photographs and video bore a different date, the claim is waived because he makes no coherent argument setting forth that claim and cites no authority to support such a claim. In any event, the difference in dates did not render the evidence inadmissible. The photographs and video were relevant and admissible to demonstrate that Huffman knew of, had access to, and was familiar with a gun similar to the one used in the shooting. See Commonwealth v. Towles, 106 A.3d 591, 603 (Pa. 2014) (holding trial court properly admitted evidence that defendant had asked to borrow murder weapon on multiple occasions). The PCRA court did not err in dismissing this ineffectiveness claim.

MOTION TO SUPPRESS

Huffman also claims counsel should have filed a motion to suppress the photographs and video, but failed to do so. He claims that this failure amounts to ineffective assistance of counsel. At one of Huffman's previous trials, the trial court precluded admission of a photograph of Huffman holding a gun "four days prior" to the shooting. N.T., Jury Mistrial, 10/5/12, at 155-56. However, at the third trial, the trial court admitted the above-referenced photographs into evidence as well as the video of Huffman firing a gun, despite the prior judge's ruling. Huffman's point in this appeal seems to be that if counsel had

moved to suppress the photographs and video, he would have learned of the additional evidence that the Commonwealth was going to use to admit the photographs and video into evidence at the third trial, notwithstanding the coordinate jurisdiction rule.

Huffman's argument is based on a misunderstanding of our decision on direct appeal. On direct appeal, we held that the trial court's admission of the evidence did not violate the coordinate jurisdiction rule because "upon retrial, 'a previous court's ruling on the admissibility of evidence generally does not bind a new court[.]" See Huffman, No. 544 WDA 2014, unpublished memorandum at 4-5 (Pa.Super. filed Feb. 6, 2015). We did not hold that additional evidence at the third trial rendered the evidence admissible over a coordinate jurisdiction objection. Rather, we did not address the admissibility of the additional evidence, i.e. the video, since Huffman "[did] not challenge the Commonwealth's use of this video at trial." Id. at 5. Huffman's misunderstanding appears to stem from the PCRA court's misstatement of our holding on direct appeal. See N.T., PCRA Hearing, 8/15/17, at 11.[5]

To the extent Huffman means to argue that trial counsel was ineffective for not seeking to preclude this evidence for the same reason the prior judge found it precludable, that argument is waived as undeveloped, and meritless

_____

[5] At the PCRA hearing, the court stated the following:

> The Court: And I held that there was new evidence and the Superior Court agreed.

N.T., PCRA Hearing, 8/15/17, at 11.

- 10 -

in any event. We rejected that argument on direct appeal, at least as to the photographs (counsel did not make any such argument regarding the video). See Huffman, No. 544 WDA 2014, unpublished memorandum at 6. The video showed substantially the same thing as the photographs, i.e., Huffman using a gun like the one used in the shooting for which he was convicted, and any motion to preclude it would have failed for the same reason we gave for finding the photographs admissible on direct appeal. The PCRA court committed no error in concluding that this ineffectiveness claim was meritless.[6]

ALLEGED JUDICIAL MISCONDUCT

Last, Huffman claims that the trial court violated the Code of Judicial Conduct by "interrupt[ing] the closing of defense counsel and exhibit[ing] incredulity regarding the plausibility of defense counsel's closing argument." Huffman's Br. at 15. However, a claim of judicial misconduct is not cognizable under the PCRA. The PCRA provides a vehicle for relief from convictions resulting from one of seven types of error enumerated in the PCRA. Commonwealth v. Descardes, 136 A.3d 493, 499 (Pa. 2016). A claimed violation of the Code of Judicial Conduct is not one of the enumerated errors. See 42 Pa.C.S.A. § 9543(a)(2). The lower court did not err in refusing PCRA relief on this basis.

_____

[6] We note that the PCRA court in its opinion stated that "PCRA proceedings are designed for defendants who are actually innocent." PCRA Court Op., at 8. However, PCRA proceedings are not so limited. Rather, they extend to all constitutionally-cognizable claims of ineffective assistance of counsel. See 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii); see also Commonwealth ex rel. Dadario v. Goldberg, 773 A.2d 126, 130 (Pa. 2001).

- 12 -

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/31/2018