J-S80042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH PUGH | : | |
| | : | |
| Appellant | : | No. 3624 EDA 2017 |

Appeal from the Judgment of Sentence October 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014211-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED JULY 1, 2019**

Appellant Keith Pugh appeals from the judgment of sentence entered after a jury found him guilty of robbery—threat of serious bodily injury.[1] Appellant challenges the sufficiency and weight of the evidence.  Appellant also contends that the trial court's instruction on robbery was deficient, and that trial counsel was ineffective for failing to object to the instruction.  We affirm.

The trial court summarized the evidence presented at trial as follows:

On August 30, 2014, near Broad and Hunting Park in Philadelphia, at approximately 2:15 AM[,] . . . Complainant, Robert Mason, had been biking to his girlfriend's home when he noticed [Appellant] had a stick resembling a cigarette in his mouth. . . . Complainant approached [Appellant] to ask for a cigarette, but [Appellant] did not have any cigarettes. [Appellant] proceeded to purchase

---

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

cigarettes for Complainant from a Chinese restaurant, Golden City, and then the two returned to [Appellant]'s car.

During the walk back to [Appellant]'s car, the two conversed about cellphones and discussed the possibility of Complainant selling [Appellant] his cellphone. [Appellant] proceeded to charge the cellphone in his car to make sure it was in working condition. After [Appellant] was assured the cellphone was in working condition, he returned the phone to Complainant. [According to Complainant, t]he two continued conversing, after which, [Appellant] surprised Complainant when he removed a firearm from his person and pointed it at . . . Complainant. [Appellant] then proceeded to demand . . . Complainant's cellphone and his wallet, which contained approximately $30 in cash. Complainant emptied his pockets and handed over his wallet and cellphone to [Appellant]. [Appellant] drove away to Hunting Park Avenue and went around a triangle of streets in that area.

Since [Appellant] was still within a short distance of Complainant, . . . Complainant was able to see [Appellant] momentarily stopped and arguing with some other people. . . . Complainant approached [Appellant] and requested that his belongings be returned to him. [According to Complainant, Appellant] responded by pointing the same firearm he had pointed at Complainant earlier at . . . Complainant again and demanded . . . Complainant leave. . . . Complainant backed away and tried to identify [Appellant's] license plate, [and] he was able to identify the first three letter, "J-R-A."

Within seconds of walking away, . . . Complainant heard multiple gunshots and [Appellant] sped away in his car.

There were two police officers, Officer White and Officer Hines, in a vehicle near the area where the gunshots were fired. As soon as they heard the gunshots, they sped in the direction in which they heard them fired. As they arrived to Hunting Park Avenue, at the 4200 block of Carlisle Street, . . . Complainant flagged down the officers and pointed in the direction [Appellant] had driven off. The police officers immediately gave chase to [Appellant]'s vehicle and were able to ascertain the last four digits of the license plate.

The police officers successfully got [Appellant] to pull over his vehicle, but as the officers exited their vehicle to approach [Appellant], [Appellant] drove off and made a right turn onto Broad Street. The police officers returned to their vehicle and gave chase for a second time. At some point while driving down Broad

Street, the police officers lost sight of [Appellant]. He was subsequently arrested pursuant to an arrest warrant.[2]

Trial Ct. Op., 3/5/18, at 2-3 (record citations omitted).

Appellant, who was represented by James T. Marsh, Esq. (trial counsel), proceeded to a jury trial, which resulted in a mistrial on June 7, 2017. On August 17, 2017, following a second trial, a jury found him guilty of robbery— threat of serious bodily injury, but acquitted him of two violations of the Uniform Firearms Act and possessing an instrument of crime (the acquittals).[3] Appellant filed a post-trial motion challenging the weight and sufficiency of the evidence based on the acquittals.

On October 23, 2017, the trial court denied the post-trial motion and sentenced Appellant to ten to twenty years' imprisonment. Appellant did not file a post-sentence motion. Appellant filed both a *pro se* and a counseled notice of appeal.[4]

_____

[2] Appellant gave a statement to police on October 8, 2014, acknowledging that he and Complainant discussed the sale of a cellphone on August 30, 2014. N.T., 8/16/17, at 121-122. Appellant stated that he drove away from the scene because he believed Complainant was trying to rob him. *Id.* at 123. According to Appellant, he heard gunshots as he was driving away from the scene. *Id.* at 123. Appellant denied Complainant's allegation that Appellant threatened him with a firearm. *Id.* at 125, 127. Appellant, however, conceded he had Complainant's cellphone when he left the scene. *Id.* at 122, 124.

[3] 18 Pa.C.S. §§ 6106(a)(1), 6108, and 907, respectively.

[4] Appellant's *pro se* notice of appeal was docketed at 3486 EDA 2017. This Court entered an order memorializing the discontinuance of Appellant's *pro se* appeal on December 14, 2017.

On October 31, 2017, the trial court permitted Appellant's trial counsel to withdraw and directed that new counsel be appointed for appeal. On November 21, 2017, the trial court ordered that a Pa.R.A.P. 1925(b) statement be filed and served when new counsel actually received all notes of testimony. Present counsel, Lauren A. Wimmer, Esq., filed a Rule 1925(b) statement on February 1, 2018. The trial court filed a responsive opinion.

Appellant presents three issues on appeal, which we have reordered as follows:

> [1]. The evidence is insufficient to sustain the verdict of guilt because the Commonwealth failed to prove beyond a reasonable doubt that . . . Appellant inflicted serious bodily injury on [C]omplainant; threatened [C]omplainant with serious bodily injury; or intentionally put [C]omplainant in fear of immediate serious bodily injury in the course of committing a theft.
>
> [2]. The verdict is against the weight of the evidence. The jury's verdict is so contrary to the evidence as to shock one's sense of justice because the Commonwealth failed to prove the elements of robbery, graded as a felony of the first degree, beyond a reasonable doubt.
>
> [3]. The trial court erred in failing to charge the jury on the definition of "theft" and/or "in the course of committing a theft" as it applies to the robbery statute.

Appellant's Brief at 6.

Appellant first contends that the evidence was insufficient to sustain his conviction for robbery. *Id.* at 14. According to Appellant, the inconsistency between the jury's findings that he did not possess a firearm but committed a robbery by threatening serious bodily injury cannot be reconciled. *Id.* at 21-22. Appellant claims that absent the presence of a firearm, the evidence that

- 4 -

Appellant demanded Complainant's wallet and phone was insufficient to prove a threat of serious bodily injury. ***Id.***

The principles governing our review of this issue are well-settled.

The standard of review for sufficiency claims requires that an appellate court determine "whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses." As a reviewing court, we may not "weigh the evidence and substitute our judgment for the fact-finder's." Additionally, "the question of any doubt regarding the facts and circumstances established by the Commonwealth is for the fact-finder to resolve unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances."

***Commonwealth v. Kubis***, 978 A.2d 391, 397 (Pa. Super. 2009) (citations omitted).

Generally, inconsistent verdicts "are allowed to stand so long as the evidence is sufficient to support the conviction." ***Commonwealth v. Miller***, 35 A.3d 1206, 1208 (Pa. 2012) (citations omitted). A court should not speculate on whether the verdicts were a "result of mistake, compromise, lenity, or any other factor." ***Id.*** at 1213. Moreover, "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and . . . even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal." ***Id.***

Pennsylvania recognizes a narrow exception when considering an inconsistent verdict. In ***Commonwealth v. Magliocco***, 883 A.2d 479, 492 (Pa. 2005), for example, the defendant was charged, tried, and convicted of

ethnic intimidation, but acquitted of terroristic threats. *Magliocco*, 883 A.2d at 481. The *Magliocco* Court noted that the ethnic intimidation required a conviction of the predicate offense and that the Commonwealth separately charged and prosecuted the defendant of terroristic threats.[5] *Id.* at 492. Under those limited circumstances, the Pennsylvania Supreme Court concluded that the specific finding that the defendant did not commit the predicate offense of terroristic threats precluded a conviction for ethnic intimidation. *Magliocco*, 883 A.2d at 492-93.

Section 3701(a)(1)(ii) of the Crimes Code defines robbery—threat of serious bodily injury as follows: "A person is guilty of robbery if, in the course of committing a theft, he: . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii). This Court has held that

> [t]he Commonwealth need not prove a verbal utterance or threat
> to sustain a conviction under Section 3701(a)(1)(ii). It is sufficient
> if the evidence demonstrates aggressive actions that threatened
> the victim's safety. For the purposes of Section 3701(a)(1)(ii), the

---

[5] The ethnic intimidation statute provided:

> a person is guilty of ethnic intimidation "if, with malicious intention
> toward the race . . . of another individual or group of individuals,
> he commits an offense under any other provision of this article or
> under Chapter 33 . . . or under section 3503 . . . or under section
> 5504 . . . with respect to such individual . . . or with respect to
> one or more members of such a group." 18 Pa.C.S. § 2710(a).

*Magliocco*, 883 A.2d at 489 (footnote omitted). In *Magliocco*, it was undisputed that the only applicable predicate offense at issue was terroristic threats. *Id.*

proper focus is on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of "immediate serious bodily injury." Thus, a reviewing court will consider the defendant's intent and actions and not necessarily the subjective state of mind of the victim.

*Commonwealth v. Ouch*, 199 A.3d 918, 924 (Pa. Super. 2018) (citations omitted).

In *Commonwealth v. Bragg*, 133 A.3d 328 (Pa. Super. 2016), this Court expressly rejected an argument that a conviction under Section 3701(a)(1)(ii) required the possession, or brandishing, of a weapon. *See Bragg*, 133 A.2d at 332 (concluding that the defendant's aggressive actions placed employees and customers of a bank in fear of serious bodily injury, despite the fact that the defendant did not brandish a weapon or utter a specific verbal threat). Therefore, possession of a weapon is not an element of robbery—threat of serious bodily injury. *See id.*

Following our review, we discern no merit to Appellant's sufficiency challenge. As noted by the trial court, the acquittals cannot be construed as a specific finding that Appellant did not possess a firearm or some type of weapon. *See* Trial Ct. Op. at 6.; *Miller*, 35 A.3d at 1213. Furthermore, Appellant's conviction for robbery—threat of serious bodily injury does not fall under the narrow exception set forth in *Magliocco*. *See Magliocco*, 883 A.2d at 492-93; *accord Bragg*, 133 A.2d at 332. Having reviewed the record in light of our standard of review, we discern no basis to disturb the jury's finding that Appellant threatened Complainant with serious bodily injury during the course of a theft. Therefore, Appellant's first issue fails.

Appellant next contends that the verdict was against the weight of the evidence. Appellant asserts that "there is no logical explanation for the jury's verdict of guilty for robbery and acquittal of the weapons offense[s]. Without the firearm, Appellant simply could not have placed [Complainant] in fear of serious bodily injury." Appellant's Brief at 22. Appellant adds that the evidence showed that Complainant was not in fear of serious bodily injury. *Id.* In support, Appellant notes that shortly after Appellant took Complainant's belongings and attempted to leave the scene, Complainant confronted Appellant and asked him to return his belongings. *Id.*

Generally,

> [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> In order for a defendant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court."

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015) (citations omitted).

Instantly, Appellant preserved his challenge to the weight of the evidence in a post-trial motion, *see* Pa.R.Crim.P. 607(A)(2), which the trial court denied. The court, in its Rule 1925(a) opinion, reasoned that that "the jury weighed the evidence presented, evaluated Complainant's testimony, and evidently found him credible as it was entitled to do." Trial Ct. Op. at 9.

We conclude the trial court appropriately deferred to the jury's findings that Appellant threatened Complainant with or intentionally put him in fear of immediate serious bodily injury. The court properly refused to speculate on the reasons for the acquittals. *See Miller*, 35 A.3d at 1208. Contrary to Appellant's argument, the court was not required to interpret the acquittals as a specific finding that Appellant did not possess a firearm or place special weight on the acquittals. *See id.* Lastly, the fact that Complainant confronted Appellant after the robbery does not negate the jury's finding that Appellant threatened Complainant with serious bodily injury during the theft. Accordingly, we find no abuse of discretion in the trial court's decision to deny Appellant's request for a new trial. *See Talbert*, 129 A.3d at 545-46.

Lastly, Appellant contends that the trial court's jury instruction on robbery was deficient because the court did not define a "theft." Appellant's Brief at 16. Appellant concedes that trial counsel did not object to the court's jury instruction, and this claim could be deemed waived. *Id.*

Nevertheless, Appellant requests that this Court review his issue as a matter of ineffective assistance of counsel. *Id.* at 16-17. Appellant suggests that an immediate consideration of his ineffectiveness claim would best serve

the interests of justice. *Id.* at 17. Appellant relies on ***Commonwealth v. Humpheys***, 532 A.2d 836 (Pa. Super. 1987), and ***Commonwealth v. Robinson***, 425 A.2d 748 (Pa. Super. 1980), to assert that the trial court's instruction on robbery was clearly defective. Appellant further suggests that trial counsel had no basis for failing to object, and the defective instruction resulted in prejudice. *Id.* at 17-18.

It is well settled that

[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver. Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary.

***Commonwealth v. Moury***, 992 A.2d 162, 178 (Pa. Super. 2010) (citations omitted); ***see also*** Pa.R.A.P. 302.

With respect to a claim of ineffective assistance of counsel, this Court has noted:

Generally, a claim that trial counsel is ineffective is deferred to collateral review under the Post Conviction Relief Act.[6] ***Commonwealth v. Holmes***, . . . 79 A.3d 562, 563-64 ([Pa.] 2013). This general rule has exceptions that allow for review of an ineffectiveness claim on direct review: (1) the ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; (2) the defendant has shown good cause and knowingly and expressly waives his entitlement to seek subsequent PCRA review from the conviction and sentence; and (3) the defendant is statutorily precluded from obtaining PCRA relief, such as where the court sentenced the defendant to paying a fine only. ***Id.***;

---

[6] 42 Pa.C.S. §§ 9541-9546.

> ***Commonwealth v. Delgros***, . . . 183 A.3d 352, 361 ([Pa.]
> 2018). Although the trial court retains discretion to address
> ineffectiveness claims on post-sentence motions, "the
> presumption weighs heavily in favor of deferring such claims to
> collateral review." ***Commonwealth v. Knox***, 165 A.3d 925, 928
> (Pa. Super. 2017).

***Commonwealth v. Green***, 204 A.3d 469, 486-87 (Pa. Super. 2019).

Notably, the exceptions set forth in ***Holmes*** focus on the trial court's exercise

of discretion. ***See Holmes***, 79 A.3d at 563.

Instantly, there is no dispute that trial counsel did not request an

instruction regarding theft or object to the trial court's jury instruction on

robbery. ***See*** N.T., 8/17/17, at 16, 23. Therefore, Appellant's challenge to

the court's instruction has been waived. ***See*** Pa.R.A.P. 302; ***Moury***, 992 A.2d

at 178.

To the extent Appellant attempts to raise a claim of ineffective

assistance of counsel, we conclude that such a claim is also waived.

Appellant did not present a claim of ineffective assistance of counsel in a

motion before the trial court. Instead, he raised the claim for the first time in

his Rule 1925(b) statement. Therefore, Appellant did not provide an

opportunity for the trial court to consider this issue. ***See*** Pa.R.A.P. 302(a).

In any event, Appellant's attempt to state an exception under ***Holmes***

fails. To establish a claim of ineffective assistance of counsel, three prongs

must be established: "(1) the legal claim underlying the ineffectiveness claim

has arguable merit; (2) counsel's action or inaction lacked any reasonable

basis designed to effectuate petitioner's interest; and (3) counsel's action or

inaction resulted in prejudice to petitioner." **Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015) (citations omitted). The failure to establish any one of the three prongs will defeat the claim of ineffectiveness. **Id.**

The Pennsylvania Supreme Court "has expressed a distinct preference for a hearing on counsel's strategy before venturing to hold that counsel lacked a reasonable basis for his or her actions or inactions." **Commonwealth v. Colavita**, 993 A.2d 874, 895 (Pa. 2010). Therefore, "[a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." **Id.**

In **Humpheys**, this Court recognized that the failure to object to a jury instruction on robbery that did not include a definition of theft may have arguable merit. **See Humpheys**, 532 A.2d at 840 (discussing **Robinson**). Nevertheless, the failure to object to the absence of a definition of theft does not constitute ineffectiveness *per se*. **See id.**

Based on our review, we conclude that Appellant has not established his claim was both so meritorious and apparent from the record that immediate consideration would best serve the interests of justice. **See Mason**, 130 A.3d at 618; **Green**, 204 A.3d at 486-87. Appellant has not analyzed **Humpheys** or **Robinson** in light of all the evidence presented at trial, which included Appellant's own statements that he took Complainant's cellphone. Appellant has not developed a record that trial counsel lacked any reasonable basis under the facts of this case. **See Mason**, 130 A.3d at 618. Moreover, Appellant's bald assertion that the crux of his defense was whether a theft

occurred does not establish actual prejudice under the circumstances of this case. *See Humpheys*, 532 A.2d at 840.

Therefore, we find no merit to Appellant's assertion that his ineffective assistance of counsel claim presents the type of extraordinary circumstance set forth in *Holmes*. *See Holmes*, 79 A.3d at 563, 577. Accordingly, we have no basis to entertain the merits of Appellant's ineffectiveness claim in this direct appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/19